MELVIN B. ELLIS & another *vs.* MARJORIE J. DOHERTY (and companion cases[1]).

Norfolk.   May 8, 1956. — July 24, 1956.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Probate Court*, Appeal.   *Contempt.   Guardian*, Temporary guardian.

A husband and wife were not entitled as of right to press appeals from decrees of a Probate Court relating to the adoption, guardianship, or custody of a minor child in their possession where they had "disappeared" with the child and were flouting a decree appointing the appellee temporary guardian of the child with custody; motions by the appellee in this court to dismiss the appeals were ordered to be denied if within thirty days from the date of the rescript the appellants delivered the child to the custody of the appellee, otherwise to be allowed.

APPEALS from orders or decrees by *Reynolds*, J., in the Probate Court for the county of Norfolk.

MOTIONS filed in this court to dismiss the appeals.

*James Zisman*, for the appellants.

*John F. McAuliffe*, (*John J. Sullivan, Jr.*, with him,) for the appellee.

----

[1] All of the cases relate to the adoption, guardianship, or custody of the minor daughter of Marjorie (McCoy) Doherty referred to in the opinion.

QUA, C.J.   These are eighteen appeals (not counting four that have been waived) by Melvin B. Ellis and Frances V. Ellis, his wife, from orders or decrees of the Probate Court for the County of Norfolk.   These appeals are brought here in two separate records, and all relate in one way or another to the adoption, guardianship, or custody of the illegitimate minor child McCoy, also known as Hildie C. Ellis.

For present purposes it is sufficient to begin with the decision of this court on February 14, 1955, reported in 332 Mass. 254.   In that decision this court affirmed a decree entered in June, 1953, dismissing the appellants' petition for adoption of the child, which had been filed in 1951.   At the time of the dismissal of the petition the child was about two years of age.   She has been in the possession of the appellants almost from birth.   The mother at first consented to the petition of the appellants to adopt her, but later was allowed to withdraw that consent by decree of the Probate Court which was also affirmed in *Ellis* v. *McCoy*, 332 Mass. 254.   Further facts are stated in the opinion in that case and need not be repeated here.

It appears that on April 12, 1955, after the rescript of this court affirming the decree of the Probate Court dismissing the appellants' petition for adoption, the Probate Court, acting under the authority of G. L. (Ter. Ed.) c. 201, §§ 14, 15, appointed the appellee, the mother of the child, temporary guardian with custody.   The powers of the temporary guardian were not suspended by the appeal. § 14.   Compare G. L. (Ter. Ed.) c. 215, § 22, applicable in the case of a permanent guardian.   Upon the appointment of the temporary guardian with custody it became the legal duty of the appellants to turn the child over to her.   This they did not do.   Instead, as is shown by affidavit filed with the appellee's motions to dismiss these appeals and not controverted, the appellants "disappeared," and a guardian ad litem reports that they are not at their residence, and that he has been unable to locate them or to determine the whereabouts of the child.   At the argument in this court the appellants' counsel stated that he did not

know where the appellants and the child were. The infer-
ence is irresistible that the appellants have spirited the
child away to evade the decree of the Probate Court. It is
plain that the appellants cannot have their appeals heard
here as of right while they persist in flouting the decree of
the court. *Henderson* v. *Henderson*, 329 Mass. 257.

It may be possible to understand that affection now
exists between the child and the appellants, and that giving
up the child would be a distressing experience; but it is
not possible for the law to sanction the conduct of the
appellants.

If within thirty days from the date of the rescript the
appellants deliver the child to the custody of the appellee
the motions to dismiss are to be denied and the appeals are
to be decided. Otherwise the motions to dismiss the ap-
peals are to be allowed.[1]

*So ordered.*