Neila A. Trupiano *vs.* Anthony N. Trupiano.  April 1, 1982.  Neila A. Trupiano (the wife) on March 2, 1981, brought in a Probate Court this proceeding seeking a divorce from her husband Anthony (the husband).  After some investigation by a probation officer and after hearing, the probate judge awarded the wife temporary custody of Lynne, the minor child of the Trupianos.  Notice of appeal from interlocutory orders on custody was filed by the husband on May 4, 1981, and the appeal was entered on July 8, 1981, in the office of the clerk of this court.  The wife filed in the Probate Court on July 6, 1981, a motion to dismiss the appeal.  This was denied by the probate judge on July 13, 1981.

It appears that the husband failed to return Lynne to the wife after the child had been with him.  At the arguments before this court, it was stated (without contradiction) by the husband's present counsel that the husband has not returned the child and now is in parts unknown.  We need not consider whether this appeal (under the first paragraph of G. L.

c. 231, § 118, as amended by St. 1981, c. 84) properly should have been directed to the single justice. See *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 612-615 (1980); *Mancuso* v. *Mancuso*, 10 Mass. App. Ct. 395, 397-401 (1980) (decided prior to the enactment of St. 1981, c. 84), *S.C.* 12 Mass. App. Ct. 973 (1981). See also *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.*, 367 Mass. 464, 466-471 (1975); *Demoulas Super Markets, Inc.* v. *Peter's Market Basket, Inc.*, 5 Mass. App. Ct. 750, 752-754 (1977); *Westinghouse Bdcst. Co.* v. *New England Patriots Football Club, Inc.*, 10 Mass. App. Ct. 70, 71-72 (1980). It is unconscionable for the husband to seek relief from an order of the Probate Court which the husband has disobeyed, perhaps by criminal conduct. See G. L. c. 265, § 26A, inserted by St. 1979, c. 465, § 2. While disobeying the order from which he has appealed, he will not be heard on appeal from that order. *Henderson* v. *Henderson*, 329 Mass. 257, 258 (1952). *Ellis* v. *Doherty*, 334 Mass. 466, 468 (1956). See *Murphy* v. *Murphy*, 380 Mass. 454, 461 (1980). The appeal is dismissed. In the circumstances it is frivolous and the wife is to have double costs of appeal. The Probate Court may take into account, in awarding counsel fees in connection with the divorce, the unnecessary expense caused by this appeal.

*So ordered.*

*Ronald F. Spagnoli* for Anthony N. Trupiano.
*David B. Gardner* for Neila A. Trupiano.