JOSEPH R. GERMAINE & others *vs.* TOWN OF HULL.

Plymouth. November 4, 1982. — November 16, 1982.

Present: GRANT, GREANEY, & KASS, JJ.

*Practice, Civil,* Motion to dismiss, Summary judgment, Appeal.

A party to a civil action, whose motion to dismiss under Mass.R.Civ.P.
    12(b)(6) was erroneously allowed, was not entitled to summary judg-
    ment under Mass.R.Civ.P. 56(b) and (c). [678-679]

CIVIL ACTION commenced in the Superior Court on April
10, 1978.

The case was heard by *Keating,* J., on a motion to dismiss.

*Arthur I. Reade, Jr.,* for the plaintiffs.

*James B. Lampke,* Town Counsel, for the defendant.

GRANT, J. This is an action by which the plaintiffs, ac-
cording to the allegations of their complaint in the Superior
Court, seek to recover the damages severally sustained by
them when the building inspector of the defendant town,
acting in the wake of the blizzard of 1978 and without fol-
lowing the statutory procedures which are said to have been
applicable, ordered the demolition of a building which was
owned by one of the plaintiffs and mortgaged to the other
two plaintiffs. See *Berger* v. *Quincy, post* 964 (1982). The
town's motion to dismiss, filed under Mass.R. Civ.P.
12(b)(6), 365 Mass. 755 (1974), was allowed, and the plain-
tiffs appealed from the ensuing judgment. For the reasons
set out in a host of cases such as *Nader* v. *Citron,* 372 Mass.
96, 98, 104 (1977), and *Epstein* v. *Liberty Bank & Trust
Co.,* 12 Mass. App. Ct. 1000 (1981), the judgment must be
reversed.

Counsel for the defendant seeks to salvage his position by
directing our attention to various documents which he has
reproduced as addenda to his brief which (he says) were

presented to the judge at the hearing on the motion and not excluded by him (see Mass.R.Civ.P. 12[b], 365 Mass. 755-756 [1974]) and which (it is urged) disclose that the defendant is entitled to a summary judgment under the provisions of Mass.R.Civ.P. 56(b) and (c), 365 Mass. 824 (1974). There are several procedural obstacles in counsel's path.

First, it does not appear from the face of any of the documents as reproduced, or from the docket entries, that the original of any of the documents was ever placed "on file" within the meaning of rule 56(c) or within the meaning of Mass.R.A.P. 8(a), as appearing in 378 Mass. 932 (1979). Second, there is no statement of the proceedings prepared by the judge (contrast *White* v. *Peabody Constr. Co.*, 386 Mass. 121, 124, 126 [1982]) or approved by him under Mass.R.A.P. 8(c), as appearing in 378 Mass. 933 (1979), which tells us that he did consider any of the documents. Finally, it is clear from the form of the judgment, which was expressly approved by the judge (see Mass.R.Civ.P. 58[a][2], as amended, 371 Mass. 908 [1977]), that this case was not decided under rule 56(c).[1]

*Judgment reversed.*

---

[1] Accordingly, there is no occasion to consider whether the motions filed by the defendant in this court to enlarge the "record appendix" should be construed as motions under Mass.R.A.P. 8(e), as appearing in 378 Mass. 934 (1979), to expand the record to include matters which have been omitted therefrom by error or accident.