Dorothy S. Hunnewell vs. Carroll G. Hunnewell.

Norfolk. January 17, 1983. — February 24, 1983.

Present: Greaney, Kaplan, & Dreben, JJ.

*Practice, Civil,* Appeal, Party pro se, Continuance.

A probate judge did not abuse his discretion by requiring the final hearing
in a protracted divorce proceeding to go forward in the absence from
the courtroom of the husband, who was acting without counsel and
who had been granted continuances previously, inasmuch as the hus-
band had received due notice of the hearing and, rather than move
properly for a continuance, had merely presented unsworn letters to
the register of probate requesting a postponement and alleging poor
physical condition. [361-364]

Complaint for divorce filed in the Norfolk Division of the
Probate and Family Court Department on November 15,
1978.

The case was heard by *Keville,* J.

*Edward F. O'Brien, Jr.,* for Carroll G. Hunnewell.

*Ronald A. Witmer (Judith G. Dein* with him) for
Dorothy S. Hunnewell.

Kaplan, J. This appeal by the husband from a judgment
nisi of divorce granted on the wife's complaint (the hus-
band's complaint for divorce being dismissed) raises only the
question whether the probate judge erred in ordering the
final hearing of April 20, 1982, to go forward in the absence
from the courtroom of the husband or his representative.

The hearing was the culmination of sixteen years of litiga-
tion starting with the wife's petition for separate support
and developing into the cross-complaints. As the appeal
may implicate a consideration of the quality of the
husband's participation through the length of these law-
suits, we note the judge's characterization of the husband's
behavior as set out in the findings. The judge spoke of the

husband's "failure to participate in the orderly resolution of the marital dispute, to comply with discovery requests, and to make full and candid disclosure of the relevant facts, including [evidence of] his financial circumstances"; his "overly litigious and dilatory . . . conduct before the Court"; and his making "routine matters non-routine and burdensome to the Wife." "[W]hen a matter was on the verge of being resolved, the Husband would terminate the services of his counsel and proceed pro se, only to bring in new counsel a short time later."

We descend to a few particulars touching on the final hearing. It had been continued on two previous occasions at the husband's requests. One of the continuances was in response to a motion by him in September, 1981, alleging health reasons. On the husband's representation that he was to undergo surgery, the court delayed the date of hearing. When the husband tried again for a postponement, the court indicated that the view of an independent physician was wanted. On November 13, 1981, a cardiologist reported that although the husband suffered from various ailments and was in poor condition he was "medically able to appear in court," at least in shortened sessions.

On December 15, 1981, an order entered on two matters that had long been vexed: the husband was to file financial statements and income tax returns, and he was to make himself available for a short deposition. It was on the date of this order, December 15, that the husband dismissed the eighth lawyer he had retained in the lawsuits and elected to proceed pro se. On March 9, 1982, the December 15 order was repeated with emphasis; further, the new order provided that if the husband "becomes aware of any medical . . . treatment . . . which would prevent compliance with this order, he immediately shall move upon proper notice for amendment of this order on such terms as the Court may determine." Failure to comply with the order "shall be treated as a willful contempt of this Court and may be dealt with accordingly."

The husband received due notice of the hearing of April 20. He did not move for a continuance but sent a letter dated April 14 to the register of probate stating that he was "a very sick man" and asking, "Please postpone any further action in the immediate future." Enclosed was a letter dated April 12 from a physician addressed "To whom it may concern." It described the husband's poor physical condition and a recent episode of acute renal failure with complications that required his hospitalization. It "strongly advis[ed] that any court or legal proceedings be postponed for the present time."[1] The judge, while acknowledging the fact of the husband's chronic poor health, found that the husband had had the stamina, a few days before the time set for the hearing, to attend at his accountant's office to discuss how the accountant should respond to a subpoena to produce records at the hearing. Upon consideration, the judge proceeded with the hearing, but it was made clear that the husband would be permitted, even after the hearing began, to come in (personally or through counsel) to move for a continuance and to present evidence on the merits if a continuance should be denied. The husband took no such step. After hearing, the judgment nisi was entered on June 3,

---

[1] There had been a similar letter of March 4, 1982, to the register of probate accompanied by a physician's letter of March 1, 1982, "To whom it may concern."

The husband moved to include the two sets of letters thus informally sent to the register, and certain other papers, in the record appendix. The motion was denied by the probate judge on August 19, 1982. See *Germaine* v. *Hull,* 14 Mass. App. Ct. 678, 679 (1982). Appeal was not taken. When it appeared in November that the husband nevertheless intended to include these papers in the record appendix, the wife moved in the Probate Court to strike them; this motion was granted, and from the order the husband purported to take an appeal. In any event the husband has reprinted the papers as an addition to his brief. In response, the wife has moved in this court for leave to refer to certain portions of the record omitted from the appendix. The motion is granted. See *Kunen* v. *First Agricultural Natl. Bank,* 6 Mass. App. Ct. 684 (1978). Without condoning the husband's cavalier treatment of the record, but with a desire not to lack in attention to the husband's case, we have referred to the material added to the brief.

1982.[2] On the merits the divorce and the substantial property dispositions are supported by extensive findings.

As an incident to the judgment nisi (but on separate summons which the husband disregarded), the judge found the husband to be in contempt of the orders of December 15 and March 9; and judgment of contempt entered on June 3. The husband took no appeal. Also entered on June 3 were judgments in the wife's support action and the husband's divorce action for payment to the wife of her legal expenses incurred in those actions. No appeals were taken from those judgments.

A few events following the judgment nisi should be mentioned. The husband moved (now through retained counsel) in the Probate Court and again in this court for a stay of the judgment pending appeal. The motions were denied. Counsel for the wife in their brief represent to this court that the husband has done nothing to comply with the judgment, and that he has failed also to comply with the separate judgments in the other two actions.

As appellee the wife urges us to dismiss the present appeal for the reason that the husband stands in contempt of the two orders entered in preparation for the hearing (and also appears delinquent in performance of the judgment appealed from and of the two judgments for money). The wife invokes the cases which hold that a party may not simultaneously contemn a judgment and seek the aid of an appellate court to overturn it. *Trupiano* v. *Trupiano,* 13 Mass. App. Ct. 1010, 1011 (1982). Familiar applications of the principle are found in decisions denying a parent a right of appeal from a custody order when that parent has spirited the child away in defiance of the order, *Henderson* v. *Henderson,* 329 Mass. 257, 258 (1952), and again in decisions dismissing the appeal of a criminal conviction when the defendant has wrongfully escaped confinement under the sentence and remains at large. *Commonwealth* v. *Richards,* 1 Mass. App. Ct. 821 (1973). See *Common-*

---

[2] The decree was corrected as to a detail on June 18.

*wealth* v. *Rezendes,* 353 Mass. 228 (1967). We recognize an analogy between the present case and those cited, but do not pursue the matter to the end, as we think it best to reach instead the husband's grievance about denial of a continuance.

As to that, we observe, first, that the husband cannot claim any particular indulgence on the ground that he was acting without the benefit of counsel. He chose this predicament. *International Fid. Ins. Co.* v. *Wilson,* 387 Mass. 841, 846-847 (1983). *Commonwealth* v. *Brattman,* 10 Mass. App. Ct. 579, 585 (1980). See *Modla* v. *Parker,* 17 Ariz. App. 54, 58 (1972). We need not speculate that he did so as a means of presenting himself later as a plausible candidate for leniency. It is enough that he is not a naif or an innocent but a veteran of prolonged litigation who should know his way around the courthouse. Cf. *Larkin* v. *United Assn. of Journeymen & Apprentices,* 338 F.2d 335, 336 (1st Cir. 1964), cert. denied, 380 U.S. 975 (1965). He is to be treated as subject to the same rules that govern other litigants.

In that light, he never made a cognizable motion for a continuance, or at most he made a grievously defective motion, since the mere presentation of his and his physician's unsworn letters did not comply with the applicable rule of the Probate Court set out in the margin.[3] *Gynan* v. *Jeep*

---

[3] Mass.R.Dom.Rel.P. 40(b) and (c) (1975) read as follows:

"(b) *Continuances.* Continuances shall be granted only for good cause, in accordance with general rules and orders which the court may from time to time adopt.

"(c) *Affidavit or Certificate in Support of Motion.* The court need not entertain any motion for a continuance based on the absence of a material witness unless such motion be supported by an affidavit which shall state the name of the witness and, if known, his address, the facts to which he is expected to testify and the basis for such expectation, the efforts which have been made to procure his attendance or deposition, and the expectation which the party has of procuring his testimony or deposition at a future time. Such motion may, in the discretion of the court, be denied if the adverse party will admit that the absent witness would, if present, testify as stated in the affidavit. The same rule shall apply, with the necessary changes in points of detail, when the motion is grounded on the want of any material document, thing, or other evidence."

*Corp.,* 13 Mass. App. Ct. 504, 506 (1982). See *Hawke* v. *Hawke,* 395 A.2d 449, 451 (Me. 1978). His failure in this regard was especially marked as the order of March 9 suggested quite clearly that on any claim of medical excuse he would have to go by the book.

Thus the judge could properly have omitted all consideration of a continuance and proceeded out of hand with the hearing, and we may now affirm on the same basis. However, the judge in his findings went further and pointed to the factors in the situation, as it shaped up on the date of the hearing, that confirmed him in the decision to go on in the husband's absence. We think the decision was right and irreversible by reference to the familiar rule that a trial judge's ruling on a continuance, positive or negative, is not to be disturbed on appeal except for abuse of discretion or some other error of law. *Ackroyd's Case,* 340 Mass. 214, 218 (1960). *Dennis* v. *Austin,* 4 Mass. App. Ct. 856 (1976). See *Errion* v. *Connell,* 236 F.2d 447, 457 (9th Cir. 1956).

The judge was entitled to consider how far the litigation had been already protracted, and at whose instance. See *Druckman* v. *Forsyth Furniture Lines,* 22 F.2d 59, 60 (4th Cir. 1927); *Speers Sand & Clay Works, Inc.* v. *American Trust Co.,* 52 F.2d 831, 833 (4th Cir. 1931); *Jegendorf* v. *Jegendorf,* 61 Wyo. 277, 286 (1945). He could assess the husband's "attitude of contempt," *Knoob* v. *Knoob,* 192 Cal. 95, 97 (1923), in the proceedings to the time of hearing. He could attach significance to the husband's deliberate refusal to engage counsel to represent him. See *Modla* v. *Parker, supra* at 58. As to the claim of disabling illness, not only could the judge point to the doubt created by the visit to the accountant; there was no indication that the husband's condition, as it might affect his availability for a hearing, would improve by the mere lapse of time — the contrary might be expected: he was sixty-seven years of age. See *Errion* v. *Connell, supra* at 457; *Aritex Land Co.* v. *Baker,* 14 Ariz. App. 266, 273 (1971); *Needy* v. *Sparks,* 51 Ill. App. 3d 350, 359 (1977). Some attention could be paid to the fact that the wife was ready with proof on the hearing

date, and a consideration of the public effects of the disloca-
tion of calendars was not irrelevant.  Even after the com-
mencement of the hearing the husband ignored the oppor-
tunity to present convincing reasons for a continuance, if
there were any; otherwise to introduce any evidence.  (Had
the husband been forthcoming, arrangements might have
been made for his physical convenience at the hearing, if
necessary, as suggested in the physician's letter of November
13, 1981.)  The judge could conclude in his sound discretion
that "good cause" (rule 40[b]) for a continuance had not
been shown.

The husband complains that since he absented himself
from the hearing and was not represented by counsel he was
unable to rebut the case as it stood against him with respect
to the continuance.  This is a threatened invasion of legal
reasoning by "Catch-22," like that mentioned in our recent
case of *Perry* v. *Planning Bd. of Nantucket, ante* 144, 160 &
n.14 (1983).  No more serious is the argument that the hus-
band, although on full notice, was somehow deprived of a
constitutional right.

*Judgment affirmed.*