HAROLD STAVISKY[1] *vs.* LESTER SLOTNICK. April 24, 1985. *Practice, Civil*, Party pro se.

In December, 1978, the plaintiff Mr. Stavisky commenced the present suit against the defendant Slotnick to enjoin Slotnick from vexing and harassing him further with groundless civil actions and criminal charges. The complaint referred to some fourteen actions in State and Federal courts instituted up to that time by Slotnick. All had their origin in a transaction in April, 1967, by which Slotnick borrowed $1,000 from the Ponedeler Credit Union

---

[1] Originally Stanley Stillman, treasurer of Ponedeler Credit Union, was joined as a plaintiff in the action, and became one of the defendants in respect to the counterclaim hereafter mentioned. He died while the suit was pending and there were disclaimers of any intention that his estate be substituted as plaintiff in the action or defendant in the counterclaim.

in Chelsea. Stavisky, an attorney, represented the credit union seeking to collect the loan. Slotnick claimed he had been wronged by Stavisky and others in proceedings connected in one way or other with the loan collection, wherein he had been once incarcerated and once committed for observation under court order. His lawsuits were not confined to the immediate actors but had proliferated in the course of time so that, for example, a judge of the United States District Court in Massachusetts, who had presided at an action by Slotnick for alleged violation of civil rights, was himself sued by Slotnick in Federal court.

In the present suit for the injunction, Stavisky secured a preliminary injunction as broad in scope as the final relief demanded. Without answering the allegations of the complaint, Slotnick pleaded a counterclaim with allegations about Stavisky's conduct in relation to sundry court proceedings, and concluding that Stavisky had "used illegal and harsh means to prevent the plaintiff [in counterclaim] from exercising his State and Federal rights guaranteed him by the Constitutions of the Commonwealth and the Federal Governments." For alleged irreparable harm to his "body and reputation," the plaintiff demanded damages of $300,000. Stavisky replied to the counterclaim with admissions and denials, a defense of res judicata and a further defense that the counterclaim was lodged in violation of the preliminary injunction.

Commenced, as noted, in 1978, the suit did not reach trial until February, 1984. Stavisky was represented by counsel; Slotnick, who is not a member of the bar, appeared pro se. The trial judge decided to suspend the outstanding preliminary injunction to the extent necessary to allow the trial to go forward on the counterclaim, and undertook to try first the counterclaim with a jury (on Slotnick's jury demand), and then the main case without a jury.

Slotnick, after addressing the jury, called as witnesses a former constable and a former Chelsea District Court judge, each of whom had played some part in the loan collection proceedings; also an attorney who had represented a plaintiff in an action to restrain Slotnick from repeated harassments. When these witnesses had been exhausted, the judge informed Slotnick that he had not supported his counterclaim. She suggested, however, that he take the stand and present in narrative form the facts on which he relied for his counterclaim, being subject to cross-examination at the end. There was objection on Stavisky's part to this procedure.[2] The procedure was followed. Stavisky, through the examination of Slotnick, also made his proof on the main case. At the conclusion of this stage, Stavisky moved for a directed verdict on the counterclaim, which was denied. He made a closing statement, and was followed by Slotnick. The judge in her instructions now described

---

[2] Counsel for Stavisky also sufficiently indicated his objections to Slotnick's behavior throughout the rest of the trial (see below). Counsel recognized, as did the judge, that it was not feasible to take objection to each questionable remark or act of Slotnick as it occurred.

the counterclaim as seeking recovery for intentional infliction of emotional harm and malicious abuse of process. The jury returned a verdict for Slotnick for $100,000. Stavisky moved for judgment n.o.v. or a new trial. The judge denied the motion and also held for Slotnick on the main case and dismissed it. Judgments entered accordingly, from which Stavisky takes his appeal.

In the interest of fairness, we pretermit the question whether there was error in denying a directed verdict and judgment n.o.v. on the counterclaim, and we also pass over the question of the correctness of the rulings on the statute of limitations[3] and res judicata.[4] We hold that the judgments appealed from should be vacated, with the main case and counterclaim standing for possible new trial.[5] This is for the reason that the trial of the counterclaim was confused and its integrity compromised by the uncontrolled behavior of Slotnick in attempting to represent himself.

It will be enough to say that Slotnick throughout the trial engaged in irrelevancies, misstatements, denunciations, unsupported and unfair characterizations, confident but erroneous or misleading pronouncements about the law, and inflammatory appeals. The device of allowing Slotnick to testify in narrative form turned out to be inapposite to a person inclined to such lack of restraint. When these grave faults in the trial are seen in relation to the fact that the nature of the counterclaim was not clearly defined, and could not be well understood, until the judge at the last moment put her interpretation upon it in her instructions,[6] the conclusion is reinforced that the trial did not measure up to tolerable standards and ought to be nullified.[7] That Slotnick undertook to proceed without counsel does not palliate his conduct and cannot alter the result. See *Hunnewell* v. *Hunnewell*, 15 Mass. App. Ct. 358, 362 (1983).

In ruling as we are obliged to do, we acknowledge that the judge was conducting the trial under severe and exasperating handicaps.

*Judgments vacated.*

*Stephen J. Kiely* for the plaintiff.

---

[3] A defense of the statute of limitations was offered at trial in an amended reply to the counterclaim. The judge first accepted the amendment but finally rejected it as untimely.

[4] Stavisky relied in particular on an action by Slotnick against Stavisky, Stillman, and Ponedeler Credit Union in Superior Court in Suffolk County. A master's report favorable to the defendants there was put in evidence by Stavisky in the present action and it was indicated that the report had been adopted. The judgment, however, was not introduced. In denying the plea of res judicata, the judge mentioned this omission but she did not say what the result should be if the judgment had been offered.

[5] The issues of the statute of limitations and res judicata will be open for reconsideration, possibly on motion.

[6] Stavisky evidently expected a charge in terms of whether there had been an infraction of Slotnick's civil liberties. Some measure of blame falls on Stavisky for not having insisted early in the case on a definition of the theories intended to be put forth in the counterclaim.

[7] The judgment dismissing the main case falls with the judgment on the counterclaim as it cannot be known how far the former was influenced by the latter.