PAUL F. SOMMER *vs.* D. DEV MONGA & others.[1]

No. 92-P-749.

Middlesex. October 19, 1993 - January 13, 1994.

Present: ARMSTRONG. FINE. & JACOBS. JJ.

*Practice, Civil*, Judgment, Appeal, Dismissal. *Waiver.*

Discussion of cases involving circumstances in which an appellant's con-
    duct while the appeal was pending was held to be a sufficient basis for
    dismissal of the appeal. [763-764]
A civil litigant who wilfully violated the trial court's orders while his ap-
    peal was pending and who thereby placed recovery on the judgment
    against him in serious jeopardy, and who remained in contempt with a
    capias outstanding beyond a stated time, was not entitled to proceed
    with his appeal. [764-765]

CIVIL ACTION commenced in the Superior Court Depart-
ment on May 8, 1989.

The case was tried before *Katherine Liacos Izzo*, J., and
postjudgment motions were heard by her.

A motion to dismiss the appeal was considered in the Ap-
peals Court by *Porada*, J., and was referred by her to a panel
of the court.

*Lawrence G. Green* for the defendants.

*Peter S. Brooks* for the plaintiff.

FINE, J. Until D. Dev Monga sought to end the relation-
ship, he and Paul F. Sommer were business associates, with
interests in two corporations controlled by Monga. Sommer
brought suit in the Superior Court against Monga and the
two corporations alleging that the termination of the business
relationship was a breach of contract and a breach of
Monga's fiduciary duty. Monga and the corporations filed

---

[1]Core Environmental & Engineering Resources, Inc., and Subsurface
Technologies, Inc.

counterclaims. A jury trial culminated in a judgment in
Sommer's favor against all three defendants in the amount of
$478,904.03. Monga and the corporations appealed on July
11, 1991. Based upon occurrences following the entry of
judgment, Sommer moved to dismiss the appeal. A single
justice of this court referred that motion to the panel as-
signed to hear the merits of the appeal. Because we agree
with Sommer's contention that the appeal should not go for-
ward at this time, we do not reach the merits of the appeal.

We summarize the facts, all matters of record, on which
the motion to dismiss is based. Soon after entry of judgment,
Sommer commenced postjudgment discovery in an effort to
locate and attach assets available to pay the judgment, and
he obtained an injunction prohibiting Monga and his two
corporations from transferring assets other than in the regu-
lar course of business. Monga, a member of the Massachu-
setts Bar, repeatedly filed motions in opposition to Sommer's
discovery requests. The motions were heard, and denied, by
the same judge who had presided over the jury trial. At one
point, a single justice of this court determined that a petition
filed by Monga to review the trial judge's allowance of a dis-
covery motion was frivolous and brought solely for the pur-
pose of delay.

As a result of the postjudgment disputes, a number of
steps were taken: contempt proceedings were initiated
against Monga; a second injunction was issued that re-
strained Monga from harassing third parties, who had rele-
vant financial information sought by Sommer, and also from
filing further motions, without leave of court, intended to
prevent Sommer's attempts at discovery. Finally, a receiver
was appointed. In appointing the receiver, the judge found
that Monga had mingled corporate assets with his own and
those of his wife, concealed assets, and fraudulently conveyed
his real and personal property to third parties.

Monga failed to appear on June 15, 1992, for a scheduled
hearing on Sommer's motion for contempt. The motion was
allowed by default, and Monga was adjudged to be in con-
tempt. There were two grounds: his failure to provide discov-

ery; and his transfer of assets in violation of the first injunction. The judge issued a capias for Monga's arrest which, as of the date of oral argument in this court, remained outstanding. Represented by the same attorney who represents Monga in the instant appeal, but without appearing personally, Monga moved to vacate the finding of contempt. That motion was denied by a different Superior Court judge on June 23, 1993. As of the date of oral argument in this court, Monga had not purged himself of that contempt, and the receiver had filed a separate contempt action in the Superior Court against Monga and his wife. In that action, which is pending, the receiver alleged that a Florida bank had paid Monga and his wife money from an account in their names, but, in violation of a court order, they had failed to turn the money over to the receiver.

Apart from the issues relating to the motion to dismiss, the appeal raises questions at least worthy of consideration by an appellate court. The right of access to the appellate process on the part of a civil litigant is an important one, guaranteed by G. L. c. 231, § 113, and any deprivation of that right ought to be based upon extraordinary circumstances. It is well settled, however, that an appellant's actions in flagrant violation of orders of the trial court while an appeal is pending may constitute such extraordinary circumstances.[2]

In three Massachusetts cases involving Probate Court child custody orders, the appellant's disappearance with the child while his or her appeal from a custody order was pending was held to be a sufficient basis for dismissal of the appeal. See *Henderson* v. *Henderson*, 329 Mass. 257, 258 (1952); *Ellis* v. *Doherty*, 334 Mass. 466, 468 (1956); *Trupiano* v. *Trupiano*, 13 Mass. App. Ct. 1010, 1011 (1982). In reaching those decisions, there was concern not only with the ability of the appellee eventually to enforce the judgment, but also with the assault on the dignity of the court by one who persists in flouting its orders. It is true that the instant case differs from the three Massachusetts precedents in that

---

[2]Inability to satisfy a judgment for monetary damages is certainly not such an extraordinary circumstance.

it does not involve violations of the particular order from which the appeal was taken. We do not consider that distinction to be dispositive. Courts in other jurisdictions have viewed efforts by an appellant to frustrate the collection of a judgment awarding monetary damages as justifying disentitlement to an appeal from the underlying judgment. See *Stone* v. *Bach*, 80 Cal. App. 3d 442, 448 (1978); *Gazil* v. *Gazil*, 343 So. 2d 595, 597 (Fla. 1977); *Segall* v. *Downtown Assocs.*, 546 So. 2d 11, 12 (Fla. Dist. Ct. App. 1989). The significant issue is whether the appellant wilfully violated the trial court's orders, thereby placing recovery on the judgment in serious jeopardy.

In a second line of cases, Massachusetts courts have recognized that a criminal defendant who has become a fugitive may be held to have waived any right to have his appeal heard. See *Commonwealth* v. *Andrews*, 97 Mass. 543, 544 (1867); *Commonwealth* v. *Rezendes*, 353 Mass. 228 (1967); *Commonwealth* v. *Richards*, 1 Mass. App. Ct. 821, 821-822 (1973). See also *Ortega-Rodriguez* v. *United States*, 113 S.Ct. 1199, 1203-1205 (1993). The complete disentitlement applied to fugitives should, if anything, "apply with greater force in civil cases where an individual's liberty is not at stake." *Conforte* v. *Commissioner of Int. Rev.*, 692 F.2d 587, 589 (9th Cir. 1982). Indeed, our Supreme Judicial Court in *Henderson* v. *Henderson*, 329 Mass. at 258, noted that the question in that case "somewhat resemble[d] that presented by a defendant in a criminal case whose conduct in escaping custody after conviction has been held to be a waiver of all right to seek a reversal in appellate proceedings."

In this case, the judge, who was familiar with the underlying case as well as the posttrial proceedings, found Monga in contempt both for failure to provide discovery intended to assure that the damages awarded would be collectible and for violation of an injunction prohibiting him from transferring assets. Unquestionably, Monga's actions placed recovery of the judgment in jeopardy and amounted to a flouting of the judge's orders which, in the absence of a challenge to them on appeal, we assume to have been reasonable. Monga re-

mains in contempt. In addition, with the capias for his arrest outstanding, Monga's position is analogous to that of a fugitive in a criminal case who, by his flight, has rendered the court powerless to enforce its orders against him. Deprivation of the right to pursue an appeal in such circumstances is a violation of neither due process nor equal protection. See *National Union of Marine Cooks & Stewards* v. *Arnold*, 348 U.S. 37, 41, 44-45 (1954) ("Where the effectiveness of a money judgment is jeopardized by the judgment debtor, he has no constitutional right to an appeal extending that frustration"). We agree with Sommer that, given Monga's postjudgment conduct, the appeal should not go forward at this time.

In accordance with *Henderson* v. *Henderson*, 329 Mass. at 259, and *Ellis* v. *Doherty*, 334 Mass. at 468, Monga may have a grace period to bring himself and the corporations he controls into compliance with the outstanding orders. Thus, we do not dismiss the appeal, but continue the motion for sixty days from the date of the rescript. If within thirty days of the rescript, Monga should surrender on the capias, and, within sixty days from the date of the rescript, purge himself of the contempt, the motion to dismiss is to be denied, and the case is to be decided upon its merits. Otherwise, the motion to dismiss the appeal is to be allowed.

*So ordered.*