Anita M. Barrow (Anita) appeals from a Probate and Family Court amended decree (decree) entered on a petition for partition of real property brought by Anita's siblings Herbert A. Barrow, Jr. (Herbert) and Willinda Powell Gray (Willinda); the decree also addresses issues raised by certain of Anita's counterclaims.[3] The parties owned the property as tenants in common pursuant to the will of their deceased mother, Emma M. Barrow. The proceedings were lengthy and were unduly complicated by the litigation approach adopted by Anita, who represented herself. The judge showed commendable patience throughout. No purpose would be served by our reciting the factual and procedural background; instead, we turn directly to a discussion of Anita's arguments on appeal. Seeing no merit in any of them, we affirm.
1. Jurisdiction. Anita argues that the Probate and Family Court lacked jurisdiction of her counterclaims seeking damages for the torts of waste, fraud, and breach of fiduciary duty. That proposition may be correct as regards damages, but a court hearing a petition for partition has jurisdiction in equity over all matters relating to the petition. See G. L. c. 241, § 25. Accordingly, the judge could properly resolve the issues of waste and breach of fiduciary duty insofar as they related to the petition (and in particular to the equitable distribution of the proceeds of the property sale), but he could not resolve Anita's fraud counterclaims.
The judge explained these limitations to Anita at a hearing on April 15, 2015. He further informed her of her option, if she wished to resolve all of her counterclaims together and to obtain a jury trial on them, to seek dismissal of the petition and seek to have the entire case heard in Superior Court.[4] Anita declined this invitation, stating that it would be "fine" for the judge, without a jury, to resolve the issues on the basis he had explained. Accordingly, the judge issued a pretrial order explaining that he would resolve only the waste and fiduciary duty counterclaims, as a part of determining and equitable distribution of the property sale proceeds.
We see no error in the judge's exercise of jurisdiction regarding the counterclaims. What we have said also disposes of Anita's arguments that she was improperly deprived of a jury trial and that her fraud counterclaims were improperly "split" from her other counterclaims.[5]
2. Merits of counterclaims. Anita argues that the judge erred in rejecting on the merits her counterclaims for waste and breach of fiduciary duty. As to waste, after a one-day trial at which Anita, "without an adequate excuse," did not appear, the judge found as fact that no waste had occurred. Anita has not persuaded us that this finding was clearly erroneous or that the judge made any error of law in rejecting the waste counterclaim.[6]
Anita's fiduciary duty counterclaim, insofar as relevant to the petition for partition, was that Willinda (as life tenant of the property) had breached her fiduciary duty to Anita (as holder of a remainder interest) by failing to keep the property in good repair.[7] The judge rejected this argument, ruling pursuant to Alford v. Thibault, 83 Mass. App. Ct. 822, 824-827 (2013), that a life tenant owes no fiduciary duty to the holder of a remainder interest. On appeal, Anita does not address that ruling in any way, let alone argue why any circumstances in this case distinguish it from Alford.[8] Anita has identified no error in the judge's rejection of the fiduciary duty counterclaim.
3. Commissioner's actions. Anita argues that the commissioner appointed by the court to sell the property acted unfairly, in contravention of G. L. c. 241, § 12, by permitting further waste to the property, denying Anita access to the property shortly before its sale, and selling it over Anita's objection. But, after the trial, at which the commissioner testified and Anita failed to appear, the judge found as fact that the commissioner "fulfilled her duties in a professional, competent manner in keeping with the highest professional standards expected of a [c]ourt-appointed fiduciary." Anita has not shown that this finding was clearly erroneous. To the contrary, we are inclined to share the judge's view of the commissioner's handling of the matter.[9]
4. Discovery issues. Anita argues that the judge denied her the opportunity to "[c]ollect [e]vidence" during the proceedings.[10] The record reflects, however, that prior to the sale, the judge allowed Anita a sixty-day period, to be extended if necessary, to conduct discovery and go onto the property. Anita cites nothing in the record suggesting that she sought such an extension. Also, on the day of the sale, Anita was able to gain access to the property and take multiple photographs depicting its then-current condition; she presented the photographs to the judge a few days later. The judge therefore did not abuse his discretion in denying Anita's motion to require the purchasers to preserve the property in that condition to allow her to gather additional evidence.[11] Nor has Anita shown any abuse of discretion in any of the judge's other discovery orders. Moreover, given her failure to appear at trial to offer any evidence or cross-examine Herbert and Willinda's witnesses, we see no prejudice to Anita from the limits placed on her conduct of discovery.
5. Sale price. Anita argues that the judge erred in finding that she had agreed to a sale price for the property of $ 385,000,[12] where Anita had objected to that price in her answer, and now claims that she agreed to that price only "under duress." But, as the judge found, Anita herself later represented to the judge, at a hearing in April, 2015, that she had brought with her into the courtroom a buyer ready to pay $ 385,000 in cash for the property. The judge also found that, immediately following a hearing on November 30, 2015, Anita "sent correspondence to the [c]ourt requesting that the property be sold for $ 385,000.00." The property was sold for $ 385,261.79 on December 4, 2015. On appeal, Anita does not acknowledge these findings regarding her position on the sale price, let alone attempt to show that they are clearly erroneous. Nor does she cite any evidence that she agreed to the price under duress, or that she made a duress argument at any time during the proceedings below.[13] Anita's arguments regarding the sale price are both waived and meritless on this record.[14]
6. Refusal to postpone trial. Anita suggests that the judge "err[ed] in holding a trial without her on September 12, 2016[,] refusing an ADA [Americans with Disabilities Act] accommodation after [she] provided medical documentation to the [c]ourt." Anita offers no argument whatsoever on this issue. We note, however, the judge's detailed findings and careful conclusions regarding Anita's repeated practice, despite several warnings, of filing last-minute motions to continue hearings on medical grounds, without offering proper supporting medical evidence. See generally Hunnewell v. Hunnewell, 15 Mass. App. Ct. 358, 362-364 (1983) (discussing factors relevant to judge's discretionary decision on whether to continue hearing due to party's claimed medical difficulties). Anita's belated motion to postpone the trial was supported by a physician's letter stating that Anita was suffering from fatigue, "[s]he is concerned about traveling ... under these circumstances," and "we are requesting that [the judge] consider rescheduling her appointment." This failed to comply with the judge's order that, if Anita requested a continuance based on a medical emergency, "the nature of the emergency must be clearly identified by the treating physician and the reasons [she] is unable to attend [c]ourt hearings must be fully and completely explained."
7. Appellate attorney's fees and costs. Herbert and Willinda assert that Anita's appeal is frivolous and ask that she be ordered to pay their appellate attorney's fees and costs. See Mass. R. A. P. 25, as appearing in 376 Mass. 949 (1979). We agree that the appeal is frivolous.[15] Herbert and Willinda are invited to file a verified and itemized application for appellate attorney's fees and costs within fourteen days of the date of the rescript, and Anita will have fourteen days thereafter in which to file any opposition to the amounts requested. See Fabre v. Walton, 441 Mass. 9, 10 (2004).
Amended decree affirmed.
Order entered September 11, 2017, denying motion to docket exhibits, attachments, correspondence, and letters affirmed.
Order entered September 11, 2017, denying cross motion for costs, fees, and sanctions affirmed.

Because two of the parties share a surname, we refer to them all by their given names.

Anita's answer, filed in January, 2015, agreed that a partition and sale of the property was appropriate. In this connection, we note the claim in her brief that as of February, 2015, her siblings could not pursue partition because a mortgagee bank assertedly had the right to seize the property. Anita waived this argument by failing to raise it below; we therefore do not address it further.

As to Anita's fraud counterclaim challenging the validity of a deed in the chain of title that led to her and her siblings obtaining ownership of the property as tenants in common, the judge's pretrial order observed that Anita's request that the property be partitioned raised an estoppel that barred her from challenging the deed. The order contained no comment on Anita's separate fraud counterclaim concerning the alleged failure of Willinda and others to report the death of the parties' mother, Emma M. Barrow, to a mortgagee bank. The decree does not refer to either fraud counterclaim.

Anita gains nothing from her reliance on Matteson v. Walsh, 79 Mass. App. Ct. 402 (2011), for the proposition that a failure to pay property taxes, leading to a town's recording of a tax taking, may constitute waste even if the town never actually seizes and sells the property. See id. at 406. Anita points to no evidence in the record (let alone introduced at trial) indicating that, as to the property at issue here, a tax taking or its equivalent was ever recorded.

Under Emma M. Barrow's will, Willinda held a life estate; at Willinda's option or upon her death, the property was to be sold and the proceeds divided among Herbert, Anita, and Willinda, or their issue by right of representation. In 2014, Willinda decided to terminate her life estate.

Anita's reply brief cites Matteson for the proposition that Willinda owed a fiduciary duty to Anita as holder of a remainder interest. Matteson, however, concerned a waste claim and said nothing about fiduciary duties. 79 Mass. App. Ct. at 405-407.

We acknowledge the commissioner's filing, after we granted her leave to do so, of a memorandum responding to Anita's allegations against her. We also note that Anita filed suit in Federal District Court against the commissioner, as well as her siblings and numerous others connected with the property. We allow Anita's motion to expand the record to include documents filed in that case. We take judicial notice that the Federal District Court dismissed the case in late 2016 and that Anita's appeal from that decision was dismissed by the United States Court of Appeals for the First Circuit in late 2018.

Anita's brief also suggests that the trial court denied her this right in the course of assembling the record for this appeal; she asserts that "[i]mportant [r]ecords [are m]issing" from the court's docket sheet. She offers no hint of what records are missing or what they might show. To the extent that those records were included in the numerous exhibits Anita filed in Federal court, we have allowed her to expand the record on appeal to encompass those records. See note 8, supra.

Anita's brief asserts that she was entitled to a stay of the sale in order to allow her to gather more evidence about the condition of the property. But she does not claim actually to have requested such a stay, nor do we find anything in the record indicating that she did so. Similarly, Anita's brief argues that the judge erred in conducting the trial without having ruled on Anita's motion to compel Herbert and Willinda to respond to interrogatories. But nothing in the record suggests that she ever served such interrogatories, let alone that she filed a motion to compel responses. She asserts that such documents are "[m]issing from the [d]ocket [s]heet [r]eport," but it does not appear that she filed any motion to correct the record to include such a motion to compel. See Mass. R. A. P. 8 (e), as amended, 378 Mass. 932 (1979).

The warrant to the commissioner ordered that she sell the property for $ 385,000 or more. Anita initially obtained an appraisal valuing the property at $ 420,000, and the commissioner listed the property for sale at that amount, but was unable to obtain it.

In this connection Anita again asserts that "[i]mportant [d]ocuments [are m]issing [f]rom [t]he [c]ourt [r]ecord and [d]ocket [s]heet." The documents to which she appears to refer, concerning a proposed purchase of the property for $ 385,000 in May, 2015, are included in those filed in Federal court and which we have allowed to be added to the record here. See note 8, supra. They say nothing about duress.

Anita's brief also lists, as one of the issues presented, the question whether she "receive[d] a fair and equitable partition of sale of the [p]roperty absent a hearing by the court to determine the fair value of the [p]roperty before its sale." She offers no argument on this issue, however, and therefore we do not discuss it further.

We note that the judge awarded Herbert and Willinda all of their attorney's fees and other expenses incurred after they made their first of four (increasingly more generous) settlement offers, none of which was accepted. The judge found the first offer to have been fair and reasonable and to have exceeded the amount of sales proceeds to which Anita was otherwise entitled at the close of the case. The judge found that Anita had a "pattern of filing frivolous pleadings which fail to include a legitimate cause of action," and had "acted in bad faith throughout these proceedings with the intent to deprive [Herbert and Willinda] of their fair share of the proceeds of the sale of the property while they incurred significant attorney's fees and [Anita] represented herself pro se.... [Anita] did everything within her power to interfere with the sale, and drive up the cost of litigation for her brother and sister, out of spite." On appeal, Anita does not challenge any of these findings or the amounts awarded.