[Civil No. 1134.   Filed April 2, 1910.]

[108 Pac. 459.]

FRANK BAXTER, Plaintiff and Appellant, v. JOHN W. DORRINGTON, Defendant and Appellee.

1. LIBEL AND SLANDER—WORDS LIBELOUS PER SE.—Defamatory words, to be libelous *per se,* must be such that the court can presume as a matter of law that they will tend to disgrace the party complaining, or hold him up to public hatred, contempt, or ridicule, or cause him to be shunned or avoided, and to accuse one of being deficient in some quality which the law does not require him, as a good citizen, to possess, is not libelous *per se.*

2. SAME—SAME.—Words not libelous *per se* may be made to appear actionable by the averring of such extrinsic facts as will show that they were intended to be libelous, and were so understood, which averments must be applied to plaintiff by a proper colloquium, with the intended and understood meaning correctly set out in the innuendo, and connected with the circumstances set forth in the complaint, thereby defining the true meaning intended by the use of the words.

3. SAME—LIBELOUS PUBLICATION.—A newspaper publication stating that the council of a city adopted an ordinance prepared by the city attorney, imposing a monthly license tax on keepers of houses of ill-fame, and averring that the ordinance is vague in its limitations, and that the city attorney forgot to add to the ordinance the provision repealing a section of the Penal Code of the territory, is not *per se* libelous of the city attorney, and the complaint complaining of the article must set out in the charging part the facts that will render the article actionable.

APPEAL from a judgment of the District Court of the First Judicial District, in and for Yuma County.   John H. Campbell, Judge.   Affirmed.

The facts are stated in the opinion.

W. F. Timmons and Ross & O'Sullivan, for Appellant.

The material allegations in an action for libel, where words are defamatory on their face, and in the English language, are, that the defendant with malice or wrongfully published, of and concerning plaintiff, the false words complained of. 1 Estee's Pleading (Boone), p. 1667; *Harris* v. *Zanone,* 93

Cal. 59, 28 Pac. 845.   Words published are actionable if they directly tend to the prejudice or injury of anyone in his profession, trade or business.   *Moore* v. *Francis*, 21 N. Y. 199, 18 Am. St. Rep. 810, 23 N. E. 1127, 8 L. R. A. 173.   Words may be ironical and yet be actionable as much as if expressed in the most positive and direct form of averment.   *Buckstaff* v. *Viall*, 84 Wis. 129, 54 N. W. 111; *Boydell* v. *Jones*, 7 Dowl. P. C. 210, 1 H. & H. 408, 4 Mees. & W. 446; *Cass* v. *Anderson*, 33 Vt. 182.

Peter T. Robertson, for Appellee.

The article complained of is not libelous.   *Evening Post Co.* v. *Richardson*, 113 Ky. 641, 68 S. W. 665; *Vance* v. *Louisville Courier-Journal*, 95 Ky. 41, 23 S. W. 591; *Burt* v. *Advertiser Newspaper Co.*, 154 Mass. 238, 28 N. E. 1, 13 L. R. A. 97. Words relied on as actionable because spoken of plaintiff in his business or profession must be expressly alleged by proper averments of inducement and colloquium, to have been so used concerning him and special damages must be alleged. 13 Ency. of Pl. & Pr. 38.

DOAN, J.—Appellant herein brought an action against the appellee in the lower court for libel.   Defendant demurred to the second amended complaint on the ground that it did not state facts sufficient to constitute a cause of action.   The lower court sustained the demurrer.   The plaintiff elected to stand on his pleadings, and the court thereupon rendered judgment for the defendant.   From this judgment plaintiff appealed, and has assigned as error the order of the lower court sustaining the demurrer.   The complaint, after alleging the residence of the plaintiff and the defendant, and the fact that the defendant is the editor and proprietor of a newspaper, alleges:

"That defendant, with malice toward plaintiff, and with intent to injure the plaintiff, and to bring him into great contempt, ridicule, infamy, and disgrace, did on or about the third day of June, 1909, publish in said newspaper, the 'Arizona Sentinel,' of and concerning plaintiff, the following false and defamatory words, to wit:

" ' City Council Overrides Territorial Statute.

" ' Having decided to confine the "Social Evil" to a certain district, the City Council Tuesday evening passed a remarkable ordinance, prepared by City Attorney Baxter, of which the following section is a brilliant example: "Section 17. There shall be collected a monthly license tax of fifteen dollars per month from each and every keeper of any room, apartment or any house of ill-fame or ill-repute or bawdy-house, or house, room or apartment resorted to for the purpose of prostitution or assignation situated south of Fifth street, north of Seventh street, and east of Gila street in the town of Yuma. Such license tax shall be paid monthly in advance on the first of each month, and fractions of a month shall be charged for and collected at the same rate as a month."

" ' The ordinance is a little vague in its prescribed limitations, etc., but it is understood to mean that the Red Light District is to be restricted to Gila street, between Fifth and Seventh streets. It is further surmised that it was intended to collect license tax within the prescribed limits, though this is not very clear.

" ' Another little matter was evidently overlooked by the City Attorney. To make the city ordinance "legal" and complete, he should have added that "section 275 of the Arizona Penal Code—which absolutely prohibits prostitution in any room, apartment, house, etc.—is hereby repealed." That would have settled the question most effectually, and prevented conflict of authority between city and territory, and prevented future legal complications which might possibly arise. But the City Attorney probably forgot it.'

" (3) That the ' City Attorney' and ' City Attorney Baxter' mentioned in said article is the plaintiff herein.

" (4) That the defendant caused the said issue of said newspaper containing said defamatory matter to be circulated among the people in the town of Yuma, county of Yuma, and territory of Arizona.

" (5) That, by reason of the aforesaid publication and circulation, plaintiff has been damaged by the defendant in the sum of twenty-five thousand dollars."

The appellant urges in support of the error assigned that the words used are actionable *per se,* and therefore the only

allegation necessary to constitute an action for libel is that the defendant, with malice, published them of and concerning the plaintiff. It would not be profitable to cite here the many definitions given of words actionable *per se*. The definition given in 25 Cyc. 253: "Defamatory words, to be libelous *per se*, must be of such a nature that the court can presume as a matter of law that they will tend to disgrace and degrade the party, or hold him up to public hatred, contempt or ridicule, or cause him to be shunned or avoided." "To accuse one of being deficient in some quality which the law does not require him, as a good citizen to possess, is not libelous *per se*"—expresses briefly the true test to be applied. We are satisfied that the language charged in the complaint cannot, under the construction ordinarily given to the words therein used, be held to be libelous *per se*.

It is the general rule of pleading that words not actionable *per se* may be made to appear actionable by averring such extrinsic facts as will show that they were intended to be libelous, and were so understood, but these averments must be distinctly stated in the complaint, and applied to the plaintiff by a proper colloquium, with the intended and understood meaning correctly set out in the innuendoes. The innuendo being used to point the meaning of the alleged defamatory words, by connecting them with the occasion and circumstances set forth in the declaration or complaint, and thus in connection with the colloquium defining the true meaning intended by the use of the words. 13 Cyc. 51. The court, in *Maynard* v. *Firemen's Fund Ins. Co.*, 47 Cal. 207, states the rule in these words: "When words that are not libelous *per se* contain a covert meaning which makes them libelous, it is necessary for the plaintiff to aver in his complaint that the words were intended by the defendant to be understood in that covert meaning, and that they were, in fact, so understood by those who read them." The complaint in this case does not meet the requirements necessary to state a cause of action, even if the language used could, by the proper allegations, have been shown to be libelous.

The first paragraph of the publication complained of would appear to be a criticism upon the city council rather than upon the attorney, and the only language that could be complained of by appellant would be the statement that "Another little

matter was evidently overlooked by the city attorney.'' This is apparently a statement of an opinion or conclusion on the part of the defendant. There is the further statement that ''the city attorney probably forgot it.'' The words and charges appearing in these two statements could, under no interpretation that could be reasonably placed upon them, be considered libelous *per se,* and if, in fact, they did contain any libel, it would be necessary for the pleader to set out in the charging part of the complaint the facts that rendered them so. In *Clarke* v. *Fitch,* 41 Cal. 472, the court says in a case similar to this: ''If it was intended to charge that the words were used in the alleged libel in the offensive sense, . . . and that the words were so understood by those who read them, there should have been a colloquium to explain the subject matter, and by proper averment to show in what sense the words were libelous, and that they were used and understood in that sense.'' The failure to do this in the case at bar renders the pleading obnoxious to a general demurrer, and the ruling of the trial court was correct.

The judgment of the lower court is affirmed.

KENT, C. J., and LEWIS and DOE, JJ., concur.