John F. Scileppi, J.
In this action for slander, the defendant moves pursuant to rule 106 of the Rules of Civil Practice to dismiss the second cause of action on the ground that it appears on the face of the complaint that it fails to state facts sufficient to constitute a cause of action.
The plaintiff alleges that at the time of the occurrence complained of he was a duly registered member of the New York State Stock Exchange and a duly registered broker for the purpose of effectuating for the general public the sale and purchase of securities traded upon the said exchange, and was employed as a customer’s man. The complaint further alleges that an agent, servant, representative and employee of the defendant, acting within the scope of his employment and the authority conferred upon him by the said employer, in the presence and hearing of numerous, diverse persons gathered in the place of business conducted by the said defendant, known as “ Roseland ”, a public dance ballroom, maliciously, willfully and wantonly said to the plaintiff, a patron therein, “ get out of this place you silly stupid senile bum; you are a trouble maker and should be confined to an asylum.”
The defendant moves for the dismissal of the said cause of action on the grounds that the words uttered are not slanderous per se, and, therefore, should contain an allegation of special damages. The complaint makes no such allegation. It is conceded by the moving affidavit of the attorney for the plaintiff that the second cause of action and the verified complaint to be sufficient must set forth a cause of action of slander per se.
A slanderous utterance is deemed to be slander per se wh.en its publication (1) charges the commission of a crime, or (2) charges the affliction of a loathsome disease, or (3) charges that a woman is not chaste, or (4) tends to injure the party in his trade, business or profession. (Iannucci v. Von Hagen, 198 *222 N. Y. S. 2d 386.) Plaintiff contends that the language used by defendant in this case falls within the fourth category, namely; tends to injure the party in his trade, business or profession.
■ The defendant in moving for a dismissal relies upon the case of Moore v. Francis (121 N. Y. 199) relating to the test of sufficiency of a trade or business libel or slander. In this case the Court of Appeals stated (pp. 205-206): “ Words * * * are libelous if they affect a person in his profession, trade or business, ‘ by imputing to him any kind of fraud, dishonesty, misconduct, incapacity, unfitness or want of any necessary qualification in the exercise thereof ’ * * * Words to be actionable on the grounds that they affect a man in his trade or occupation, must, as is said, touch him in such trade or occupa: tion; that is, they must be shown, directly or by inference, to have been spoken of him in relation thereto and to be such as would tend to prejudice him therein.”
In Shakun v. Sadinoff (272 App. Div. 721, 722) the court said, “ ‘ Words which directly tend to injure or prejudice the reputation of the plaintiff in the way of any office held by him or in the way of any lawful profession or trade carried on by him, are actionable without proof of special damage. In such cases, the plaintiff must allege in his statement of claim, and prove at the trial, that he held the office, or carried on the profession or trade, at the time when the words complained of were published. [Italics in original.] He must also allege and prove that the words were spoken in reference to his character or conduct in such office, profession or trade. [Emphasis supplied.] There must be some reference, direct or indirect, in the words or in the circumstances attending their utterance, which connects the slander with such office or profession or trade. If the words merely impute to the plaintiff some misconduct unconnected with his office, profession, or trade, they are not actionable without proof of special damage: it is not sufficient that they are calculated to injure him therein.’ ” (Gatley, Libel and Slander. [3d ed.], p. 61; Sanderson v. Caldwell, 45 N. Y. 398, 405; Purdy v. Rochester Print. Co., 96 N. Y. 372, 376; Kinney v. Nash, 3 N. Y. 177, 178.)
In the case of Martin v. Wagner (30 Misc 2d 1074, 1078) the court, following Shakun v. Sadinoff (supra), stated, “ The fact that the publication imputes what plaintiff claims it does is not actionable without proof of special damage since there is nothing in the article which connects the alleged defamatory matter with plaintiff’s trade or business ”.
In this case there is no allegation contained in plaintiff’s complaint setting forth that the alleged defamatory matter was *223 stated to the plaintiff with reference to his trade or business, nor that they were spoken in reference to his character or conduct in such office, profession or- trade.- There is no direct -or indirect reference in the words or the circumstances atténding their utterance which connects the slander with the plaintiff’s position as a stockbroker. Since the words uttered are not slanderous per so, special damages must be pleaded. Motion granted.
Accordingly, the second cause of action is dismissed, with leave to serve an amended complaint alleging special damages, if any and if so advised, within 20 days from the date of the order to be entered herein with notice of entry.