LADY WINDSOR HAIRDRESSERS, INC., et al., Plaintiffs, *v.* JOSEPH M. CALVO, Individually and Doing Business as CALVO HAIR FASHIONS, et al., Defendants.

Supreme Court, Special Term, Queens County, June 5, 1962.

*Delson, Levin & Gordon* for plaintiffs. *Fierson & Koenig* for defendants.

JAMES A. ROE, JR., J. This is a motion to dismiss the second cause of action based on slander in the complaint herein on the ground that it is legally insufficient or, in the alternative, to strike from said cause of action the allegations contained in paragraph "Twenty-Fifth" on the ground that they are irrelevant, redundant, unnecessary, impertinent or may tend to embarrass or delay the fair trial of the action.

The defendant, in support of that branch of the motion which seeks to strike the second cause of action for legal insufficiency, contends that the words "phony", "cheat", "two-faced"

and " trouble maker " published and declared to the plaintiff's infant daughter are not slanderous per se and, absent allegations of special damages, the cause of action is legally insufficient. The plaintiff, in opposition, contends that the words were uttered in relation to the plaintiff's business and are such as would tend to injure him in his business. Therefore they constitute slander per se and thus the second cause of action is legally sufficient without allegations of special damages.

In evaluating the sufficiency of the second cause of action in the complaint herein, the difference between slander and slander per se must be noted. If words are slanderous per se the law presumes damage to reputation and business. By the same token, if the words are not slanderous per se no such presumption exists, and to make the words actionable the complaint must allege special damages. Words are slanderous per se if they come within any one of the following three categories: (1) words which impute some offensive or loathsome disease; (2) words charging a person with a crime involving moral turpitude or which subject such person to infamous punishment, and (3) words spoken in relation to one's business or trade and which have a natural tendency to injure him in his business or trade. (*Steward* v. *World-Wide Automobiles Corp.*, 20 Misc 2d 188, 191.)

In the case at bar, it is apparent that the words " phony ", " cheat ", " two-faced " and " trouble maker " do not come within the first two categories and therefore cannot be deemed to be slanderous per se on the theory embodied in either of the afore-mentioned categories. (See, generally, *Bruno* v. *Schukart*, 12 Misc 2d 383; *Herson* v. *Kalmanson*, N. Y. L. J., March 7, 1950; p. 823, col. 5; *Cetrino* v. *Cummins*, N. Y. L. J., Oct. 21, 1936, p. 1292, col. 1.)

In order for words to be actionable per se in slander cases on the theory that they injure a person in his trade, occupation, business or profession, the words must be spoken in relation to the trade, occupation, business or profession. They must touch the plaintiff in his trade, occupation, business or profession, and merely because he is engaged in a trade, occupation, business or profession, words spoken in disparagement will not *ipso facto* be actionable per se. Thus, words like " cheat ", " dishonest ", and " immoral ", if generally applied, are not slanderous per se but become such if applied to a person's trade, occupation, business or profession and consequently injure him therein. There must be some reference, direct or indirect, in the words or the circumstances attending their utterance which

connect the slander with the person's trade, occupation, business or profession. If the words merely impute to the person some misconduct unconnected with his trade, occupation, business or profession, they are not actionable without proof of special damages and it is not sufficient that they are calculated to injure him. (*Gurtler* v. *Union Parts Mfg. Co.,* 285 App. Div. 643, 646–647, affd. 1 N Y 2d 5.)

The court is of the opinion that since the words complained of herein were allegedly uttered by the defendant Joseph M. Calvo to the plaintiff's infant daughter, the circumstances are such that they cannot be deemed to have been uttered in reference to the plaintiff's trade, occupation, business or profession. Inasmuch as the plaintiff has not alleged special damages in the second cause of action, it is legally insufficient.

Accordingly, the motion to dismiss the second cause of action is granted, with leave to the plaintiff, at his option, to replead. In view of this disposition, the court need not pass upon the second phase of the defendant's motion.