495 P.2d 494

**Steve MODLA, Appellant,**

v.

**Scotty PARKER and Southside Hospital, Appellees.**

**No. 1 CA–CIV 1554.**

Court of Appeals of Arizona, Division 1, Department B.

April 6, 1972.

Rehearing Denied May 2, 1972.

Review Denied June 20, 1972.

Herbert B. Finn, by Galen H. Wilkes, Phoenix, for appellant.

Jennings, Strouss & Salmon, by Nicholas Udall, Phoenix, for appellees.

JACOBSON, Judge.

The primary questions raised by this appeal deal with the liability of a hospital for discharging a patient and the question of what constitutes slander *per se*.

On July 15, 1968 plaintiff-appellant, Steve Modla, was admitted as a patient to the Southside Hospital for treatment of lesions on his lips. Almost immediately difficulties arose between appellant and his attending physician. The next day the doctor notified Scotty Parker, a hospital administrator, of his decision to terminate the case and discharge the patient. Later in the day Parker told appellant that the hospital regulations required a patient to have an attending physician responsible for the patient's medical care and treatment, and that since appellant had no attending physician it would be necessary to discharge him. Immediately prior to the discharge, Parker in the presence of an assistant purportedly said to appellant, "do me a favor and see a psychiatrist."

Thereafter, appellant filed a complaint against Parker individually, seeking dam-

ages for slander in the amount of $272,000. A second complaint was also filed against the hospital seeking damages for its alleged refusal to treat appellant and for wrongfully discharging him from the hospital. As a result of this conduct, appellant allegedly suffered damages in the amount of $750. In addition he prayed for one million dollars in punitive damages against each defendant. Upon motion by appellees both cases were consolidated for trial.

Following the filing of answers, appellees moved for summary judgment, which was granted in December, 1969. The following May, appellant's newly-appointed counsel made a motion for relief from this final judgment. Initially, the trial court denied the motion but then *sua sponte* reconsidered said motion, reversed itself, setting aside the December, 1969, judgment. In June, appellant's second attorney was permitted to withdraw. In July, the court granted appellees' second motions for summary judgment. Upon retaining a third attorney, appellant has appealed from these judgments.

■■■ Appellees first contend that this appeal must be dismissed because the trial court erred in setting aside the judgment granted to them in December, 1969, from which there was no timely appeal. Under the circumstances set forth in Rule 60(c), Rules of Civil Procedure, 16 A.R.S., it is within the sound discretion of a trial court to set aside a final judgment and that action will not be disturbed on appeal except for clear abuse of discretion. Rule 60(c), Rules of Civil Procedure, 16 A.R.S., Eldridge v. Jagger, 83 Ariz. 150, 317 P.2d 942 (1957). In this case the trial court ruled on appellees' motion for summary judgment the same day they furnished the court with a copy of the hospital records. Rule 56(e), Rules of Civil Procedure, provides in part that "sworn or certified copies of all papers or parts thereof referred to

in an affidavit shall be attached thereto or served therewith." In addition, Rule 56(c) requires that "the motion shall be served at least ten days before the time fixed for the hearing." Appellant contends that these rules were not complied with and as a result he did not have sufficient time to reply adequately to the contents of the hospital records.

From a reading of the record we believe that sufficient grounds existed for setting aside the December 1969 judgment, and the trial court did not abuse its discretion in so doing.

■■■ As to the merits of the case, appellant contends that the trial court erred in granting summary judgment in favor of defendant Parker, as the statements he allegedly made were slanderous *per se* and presented a valid jury question as to his special damages. As a general rule, slander *per quod* is not actionable unless special damages are pleaded and proved. Berg v. Hohenstein, 13 Ariz.App. 583, 479 P.2d 730 (1971). However, slander *per se* is actionable without a need to plead or prove special damages if the utterance falls within one or more specified categories,[1] damages in such case being assumed.

An oral defamation which concerns one in his profession, trade or business is the category which appellant relies upon in support of his contention that the statement was slanderous *per se* and therefore a genuine issue of material fact existed for the jury; that is, whether the statement made by Parker in fact injured appellant's business.

[5-7] In order to fit within the business category, the slanderous utterance must prejudice the person in the profession, trade or business in which he is actually engaged. This means that the statement must be of or concerning one in his business capacity. *See*, 53 C.J.S. Libel and Slander

---

1. An utterance is slander *per se* when its publication charges a contagious or venereal disease, or charges that a woman is not chaste, or tends to injure a person in his profession, trade or business, or imputes the commission of a crime involving moral turpitude. Iannucci v. Von Hagen, Sup., 198 N.Y.S.2d 386 (1960); *see*, 53 C.J.S. Libel and Slander §§ 16, 29, 32–33 and 53 (1948).

§§ 32–33 (1948) Lady Windsor Hairdressers, Inc. v. Calvo, 35 Misc.2d 739, 231 N.Y.S.2d 221 (1962). Words which are merely injurious to one regardless of his occupation do not qualify as slander *per se*. Gunsberg v. Roseland Corp., 34 Misc.2d 220, 225 N.Y.S.2d 1020 (1962). The alleged utterance of Parker "do me a favor, see a psychiatrist," clearly does not pertain to appellant in any business capacity. This being so, it was not slander *per se*, and appellant was obliged to plead and prove special damages.

■ When one party moves for summary judgment, the non-moving party "may not rest upon the mere allegations . . . of his pleadings; but his responses, by affidavits or otherwise . . . must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e), Rules of Civil Procedure, 16 A.R.S. Appellant had a duty to offer some evidence of his alleged special damages. Rather than follow the mandate of the rule he rested upon the general allegations of special damages in his pleadings. This is not sufficient. Patton v. Paradise Hills Shopping Center, Inc., 4 Ariz.App. 11, 417 P.2d 382 (1966). The trial court was correct in granting defendant Parker's motion for summary judgment.

At this juncture, the court need not consider the question of whether there was in fact a publication of the alleged slanderous statement.

As to defendant Southside Hospital, appellant maintains that granting summary judgment was improper because issues of material fact existed, as the hospital had a duty to treat appellant and that duty was breached when appellant was wrongfully discharged from the hospital before he was cured. In support of the existence of this duty, appellant cites Meiselman v. Crown Heights Hospital, 285 N.Y. 389, 34 N.E.2d 367 (1941) as authority for the proposition that a hospital has a duty not to discharge a patient prematurely and abandon the case. We do not believe *Meiselman* to be apposite to the facts in this case.

In *Meiselman*, an eight year old boy who was desperately ill required hospitalization. After a blood transfusion and an operation on both legs, a bone infection set in. The hospital demanded payment from the boy's father, who was unable to pay the bill, so the boy was discharged. The court, in holding the hospital and physicians liable for the boy's crippled condition, said the jury could have found that the hospital "had prematurely and willfully discharged themselves from attention to the case while the patient was desperately ill and before he was cured without giving him information or advice as to subsequent treatment or the desperate and dangerous condition and character of the disease. . . ." 34 N.E.2d at 370.

Appellant's reliance on Darling v. Charleston Community Memorial Hospital, 33 Ill.2d 326, 211 N.E.2d 253 (1965) as defining the duty owed by a hospital to its patients is likewise misplaced. In *Darling* a father sued the hospital and attending physicians for the negligent hospital and medical treatment given to his minor son. After a cast was placed on the boy's leg, gangrene set in which resulted in amputation of the leg. The court held that the hospital had a duty to supervise and review the attending physician's treatment of the patient. As for the breach of that duty, the court said a jury could have found that the hospital was negligent because of the failure of its nurses to properly observe and report the patient's condition and its own failure to properly review and supervise the care being given by the attending physicians.

■ The outrageous conduct by the hospitals which gave rise to liability in the two aforementioned cases is entirely absent in the present case. Mr. Modla was admitted for treatment of lesions on his lips. His condition may have been uncomfortable, but helpless he was not. Nor is there any proof or even allegation that the hospital staff did anything to the plaintiff which either actively retarded his treatment or worsened his condition.

A logical extension of appellant's argument highlights the fallacy in his basic premise. Once a hospital has admitted a patient, then in all cases the hospital cannot discharge the patient until he is cured. No case has been cited which would impose such a duty, nor has this court found such authority on its own research. Not having found that Southside Hospital breached any duty owed to plaintiff, there was no material issue of fact and appellee was entitled to judgment as a matter of law.

Appellant also contends that the trial court failed to rule on his motion to amend the complaint by adding new parties and consequently the judgment appealed from was not final for it adjudged fewer than all of the rights and liabilities of the parties. The argument concludes by stating that the Court of Appeals thereby lacked jurisdiction and the case should be remanded back to superior court for a ruling on the motion.

The answer to appellant's unique argument lies in the effect to be given the failure of the trial court to rule on the motion to amend by adding additional parties. In Colboch v. Aviation Credit Corp., 64 Ariz. 88, 166 P.2d 584 (1946), the court in addressing itself to the failure of the trial judge to rule on defendant's motion for a bill of particulars held that the trial court's order of judgment may be considered as a denial of the motion. We consider that rule to be applicable on this question and hold that granting of judgment may be considered as a denial of the motion to amend and thus dispositive of the entire argument.

The last contention urged by plaintiff is that the trial court erred in failing to grant him a continuance prior to the hearing on appellees' second motion for summary judgment. The grounds urged at the time of making the motion were that appellant was without counsel and he was ill.[2]

A motion for a continuance is directed to the sound discretion of the trial court predicated on good grounds. Evans v. Lundgren, 11 Ariz.App. 441, 465 P.2d 380 (1970). The motion for summary judgment was originally set for July 10, 1970. On June 3, the court granted appellant's counsel his request for leave to withdraw. In the order appellant consented to and approved of withdrawal of his counsel and expressed a desire to represent himself or obtain other counsel. In addition the order advised appellant of the date set for hearing appellees' motions for summary judgment and appellant acknowledged that he would be prepared for the same. After withdrawal of counsel, the court granted several extensions of time for appellant to submit opposing memoranda with attached affidavits. In view of the fact that appellant created the situation of lack of counsel which he now claims to be prejudicial, we do not find the trial court abused its discretion in denying a continuance on that ground.

In regard to the illness which supposedly prevented appellant from properly preparing his case, he submitted a letter from a physician who merely "recommended that Mr. Modla have two weeks rest." The motion was properly denied because of the insufficiency of the supporting affidavit. See, 68 A.L.R.2d 470 for a thorough discussion of the factors to be considered in passing upon a motion for continuance on the grounds of illness.

For the foregoing reasons, the judgment is affirmed.

HAIRE, C. J., and EUBANK, J., concur.

---

2. These were the precise grounds advanced by appellant in support of a motion for continuance made four days prior to the time set to hear appellees' motions for summary judgment in December, 1969. The court, having found that appellant had more than adequate opportunity to obtain counsel, denied the motion.