**Anna Elena PARADA, Plaintiff–Appellee,**

v.

**Alberto R. GONZALES, in his capacity as Attorney General of the United States; Gary Rehbein; Sonia Rehbein, wife, Defendants–Appellants.**

No. 04–17045.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2006.

Filed Nov. 3, 2006.

Armand Salese, Esq., Law Offices of Armand Salese, PLLC, Tucson, AZ, for Plaintiff–Appellee.

Janet K. Martin, AUSA, Office of the U.S. Attorney, Tucson, AZ, Edward G. Hochuli, Esq., Randall H. Warner, Esq., Jones Skelton & Hochuli, PLC, Phoenix, AZ, for Defendants–Appellants.

Before: RYMER and THOMAS, Circuit Judges, and LARSON *, District Judge.

MEMORANDUM **

Gary Rehbein appeals the judgment of the district court entered upon a jury verdict in favor of Anna Parada on her defamation claim against him. We affirm. Because the parties are familiar with the factual and legal history of this case, we need not recount it here.

I

The district court did not err in excluding evidence pursuant to Federal Rule of Evidence 403 tendered by Rehbein concerning Parada's reputation, a decision that we review under the deferential abuse of discretion standard. *United States v. Lyons,* 453 F.3d 1222, 1232 (9th Cir.2006). Rehbein sought to introduce evidence to show the truth of the statements he allegedly made. However, Rehbein did not tender any direct proof; rather, he proposed to establish truth by offering hearsay reputation evidence. Such evidence is not competent to establish the truth of the matter asserted. Fed.R.Evid. 802. Fur-

ther, the witness whose testimony Rehbein sought to present could not recall who made the statements, nor the context in which they were made. Therefore, the district court did not abuse its discretion in concluding that the probative value of the evidence was outweighed by its prejudicial effect.

II

The district court did not abuse its discretion in the formulation of the jury instructions. *See United States v. Franklin,* 321 F.3d 1231, 1240–41 (9th Cir.2003) ("We review for abuse of discretion a district court's formulation of jury instructions, considering 'the instructions as a whole, and in context.'" (quoting *United States v. Stapleton,* 293 F.3d 1111, 1114 (9th Cir. 2002))).

The jury instructions as given accurately stated the law. The district court provided the correct description of the elements of defamation and properly instructed the jury as to what constituted defamation *per se.*

The district court correctly declined to instruct the jury on a substantial truth defense because there was no evidence in the record to support it. *See United States v. Falsia,* 724 F.2d 1339, 1342 (9th Cir.1983) ("A defendant is not entitled to a jury instruction where there is no evidence to support it. . . .").

The district court properly rejected Rehbein's tendered "mere insult" instruction as inconsistent with a claim of defamation *per se.* A statement is defamatory

* The Honorable Stephen G. Larson, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*per se* when the defamatory character of the statement is apparent on its face; that is, when the words used are "of such a nature that the court can presume as a matter of law that the communication will tend to degrade or disgrace the party defamed." *McClinton v. Rice,* 76 Ariz. 358, 265 P.2d 425, 429–30 (1953) (citing *Baxter v. Dorrington,* 13 Ariz. 140, 108 P. 459, 460 (1910)). Under Arizona law, a "charge that a woman is unchaste" constitutes slander *per se* as a matter of law. *Boswell v. Phoenix Newspapers, Inc.,* 152 Ariz. 1, 730 P.2d 178, 183 n. 4 (1985) (citing *Modla v. Parker,* 17 Ariz.App. 54, 495 P.2d 494, 496 n. 1 (1972)). If the subject matter is defamatory *per se,* "then the only evidence [the appellee] had to offer below was that this subject matter was communicated." *McClinton,* 265 P.2d at 430.

It is true that Arizona, like most jurisdictions, declines to provide legal compensation for "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Aspell v. Am. Contract Bridge League of Memphis, Tenn.,* 122 Ariz. 399, 595 P.2d 191, 195 (1979). However, Arizona has by its definition of slander *per se* removed false statements about a woman's chastity from the category of "mere insult."

The district court also properly rejected defendant's proposed instructions on opinion and "objective facts." Rehbein did not contend that his words, taken in context, reflected only his pure opinion without implying a factual underpinning. His defense was that he never uttered the words and, in fact, was not in the room when the statements were allegedly heard by others. In addition, in this context, as with the proposed "mere insult" instruction, the tendered instructions would have been antithetical to Arizona's law of slander *per se,* which requires that if a statement falls within the enumerated catego-

ries, a plaintiff need only establish that the statement was published. *McClinton,* 265 P.2d at 430. Finally, any error was rendered harmless by the jury's required finding of the elements of defamation, which included a false publication.

In sum, "in whole and in context," the district court did not abuse its discretion in the formulation of the jury instructions.

**AFFIRMED.**