NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

SHAKEEL AZIZ KAHN MD, *Plaintiff/Appellant*,

*v.*

ARIZONA CVS STORES LLC, et al., *Defendants/Appellees*.

No. 1 CA-CV 16-0333
FILED 2-14-2017

---

Appeal from the Superior Court in Mohave County
No.  B8015CV201304009
The Honorable Rick A. Williams, Judge

**AFFIRMED IN PART; REVERSED IN PART AND REMANDED**

---

COUNSEL

Law Office of Thomas E. Price P.C., Kingman
By Thomas E. Price
*Counsel for Plaintiff/Appellant*

Renaud Cook Drury Mesaros PA, Phoenix
By Margaret T. McCarthy, Denise J. Wachholz
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Margaret H. Downie joined.

---

**B E E NE**, Judge:

¶1 Plaintiff/Appellant Shakeel A. Kahn appeals the superior court's summary judgment for Defendants/Appellees Arizona CVS Stores, LLC and Carol San Vicente on his slander *per se* claim. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.

**FACTS AND PROCEDURAL HISTORY**[1]

¶2 In December 2012, Kahn, a physician, prescribed phentermine, a Class IV controlled substance, for his patient, A.M. A.M. attempted to obtain the medication at the CVS pharmacy in Kingman, but San Vicente, the pharmacist on duty, refused to fill the prescription, stating: "It's not the amount that I have a problem with. It's the doctor." According to Kahn, San Vicente further explained that she had heard that Kahn's DEA number[2] was suspended and under investigation.

¶3 Several days later, Kahn's patient, S.D., attempted to fill a Suboxone prescription from Kahn at a CVS pharmacy in Bullhead City. The pharmacy technician, Penny York, reportedly refused to fill the

---

[1] We view the facts in the light most favorable to Kahn. *First Am. Title Ins. Co. v. Johnson Bank*, 239 Ariz. 348, 350, ¶ 8, 372 P.3d 292, 294 (2016) (noting that when reviewing the superior court's grant of summary judgment, appellate court views the facts in the light most favorable to party against whom judgment was entered).

[2] A DEA number is a number assigned to a health care provider by the United States Drug Enforcement Administration that allows the provider to write prescriptions for controlled substances. *See United States v. Barsoum*, 763 F.3d 1321, 1326 n.1 (11th Cir. 2014).

prescription, stating: "We're having problems with this doctor . . . He writes too many controls to where the DEA is involved . . ."

¶4        Kahn filed this action against CVS and San Vicente, alleging claims for defamation, slander *per se*, and false light invasion of privacy arising out of San Vicente and York's statements to A.M. and S.D.  The superior court granted summary judgment for CVS on all three claims, ruling, as relevant, that San Vicente and York's statements were substantially true.

¶5        Kahn timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).[3]

¶6        Kahn argues the superior court erred in granting summary judgment for CVS and San Vicente on his claim for slander *per se* because the relevant statements were not substantially true.[4]

**DISCUSSION**

¶7        We review the entry of summary judgment *de novo*.  *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12, 69 P.3d 7, 11 (2003).  Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."  Ariz. R. Civ. P.56(a); *see also Orme Sch. v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990) (explaining that summary judgment is proper "if the facts produced in support of the claim . . . have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense.").

¶8        A statement is considered slander *per se*, and is actionable without the need to prove special damages, when its publication "tends to injure a person in his profession, trade or business . . . ."  *Modla v. Parker*, 17 Ariz. App. 54, 56 n.1, 495 P.2d 494, 496 n.1 (1972); *see also* Restatement

---

[3] We cite the current version of applicable statutes unless revisions material to this decision have occurred since the relevant events.

[4] Kahn does not challenge the superior court's summary judgment for CVS and San Vicente on his defamation and false light claims.  *Robert Schalkenbach Found. v. Lincoln Found.*, 208 Ariz. 176, 180, ¶ 17, 91 P.3d 1019, 1023 (App. 2004), *as amended* (July 9, 2004) (stating appellate court generally considers issues not raised in the opening brief to be abandoned or conceded).

(Second) of Torts §§ 570 & 573 (1977). Because slander is a type of defamation, *Boswell v. Phx. Newspapers, Inc.*, 152 Ariz. 1, 6 n.4, 730 P.2d 178, 183 n.4 (App. 1985), truth—or substantial truth—is an absolute defense to the action. *Fendler v. Phx. Newspapers, Inc.*, 130 Ariz. 475, 479, 636 P.2d 1257, 1261 (App. 1981). When the underlying facts are not disputed, the court may determine the question of substantial truth as a matter of law. *Id.* at 480, 636 P.2d at 1262.[5]

**¶9** When evaluating whether a statement is true or substantially true, "[s]light inaccuracies will not prevent a statement from being true in substance, as long as the 'gist' or 'sting' of the publication is justified." *Read v. Phx. Newspapers, Inc.*, 169 Ariz. 353, 355, 819 P.2d 939, 941 (1991) (citation omitted). Similarly, "a technically false statement may nonetheless be considered substantially true if, viewed 'through the eyes of the average reader,' the statement differs from the truth 'only in insignificant details.'" *Desert Palm Surgical Grp., P.L.C. v. Petta*, 236 Ariz. 568, 579, ¶ 27, 343 P.3d 438, 449 (App. 2015) (citation omitted).

**¶10** Kahn alleges San Vicente's statement that his DEA number was suspended and under investigation, and York's statement that Kahn wrote too many prescriptions for controlled substances "to where the DEA is involved," were false because the DEA never conducted an investigation into his prescription-writing practices and never suspended his authority to prescribe controlled substances.[6]

---

[5] We reject CVS and San Vicente's argument that the Arizona Medical Board's subsequent suspension of Kahn's license renders this appeal moot. *See* Restatement (Second) of Torts § 581A, cmt. g ("The truth of a defamatory imputation of fact must be determined as of the time of the defamatory publication. Facts alleged to exist by the defamer may subsequently occur, but his foresight or luck in anticipating them will not protect him from liability for stating their pre-existence.").

[6] Kahn also complains that San Vicente and York falsely asserted that they had heard the allegedly defamatory information. San Vicente and York's statements regarding how they learned the allegedly defamatory information do not impugn Kahn's reputation in his profession and are, therefore, not material to his claim for slander *per se*. *Modla*, 17 Ariz. App. at 56 n.1, 495 P.2d at 496 n.1. Similarly, San Vicente's statement that she had a problem with Kahn was an expression of opinion and not, therefore,

¶11        Insofar as these statements assert that a governmental licensing agency was investigating Kahn for improper prescribing, they were substantially true.  Kahn does not dispute that when the statements were made, the Arizona Medical Board (the "Board") had four open investigations against him that concerned allegations of inappropriate prescribing, including over-prescribing opioid medications.  The fact that the Board, and not the DEA, was the investigating agency is immaterial, as any damage to Kahn's reputation stems from the fact that a governmental licensing agency was investigating him for possible improper prescribing practices, not the identity of the particular agency.[7]  Accordingly, "the sting of the two versions is not substantially different," and the statements gave a substantially true account of the ongoing investigation concerning Kahn. *Read*, 169 Ariz. at 355-56, 819 P.2d at 941-42 (internal quotations omitted).

¶12        However, as to San Vicente's alleged statement that Kahn's DEA number was "suspended," there is no evidence that the DEA—or any other agency—had suspended Kahn's authority to write prescriptions.  Accordingly, we cannot conclude as a matter of law that the average listener would view the difference between the statement and the truth as nothing more than an "insignificant detail." *See Desert Palm Surgical Grp.*, 236 Ariz. at 579, ¶ 27, 343 P.3d at 449.  A reasonable listener could have understood a statement that Kahn's DEA number had been suspended to mean that Kahn lacked the authority to prescribe controlled substances, but, in fact, at the time of the statement, he retained that authority.  Accordingly, the superior court erred in ruling as a matter of law that San Vicente's purported statement to A.M. that Kahn's DEA number was suspended was substantially true.

## CONCLUSION

¶13        For the foregoing reasons, we affirm the summary judgment regarding the statements that Kahn was under investigation for improper prescribing.  We reverse the summary judgment regarding the statement that Kahn's DEA number was suspended and remand for further

defamatory. *Burns v. Davis*, 196 Ariz. 155, 165, ¶ 39, 993 P.2d 1119, 1129 (App. 1999).

[7] The test is whether the *average* listener would find the difference significant. *Desert Palm Surgical Grp.*, 236 Ariz. at 579, ¶ 27, 343 P.3d at 449.

proceedings consistent with this decision. Because both parties partially prevailed on appeal, no costs will be awarded.[8]



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[8] On February 1, 2017, Appellees filed a motion to dismiss appeal as moot, or, in the alternative, to consider the filing a supplement to the answering brief. On February 7, 2017, Appellant filed a response to Appellee's motion to dismiss appeal and request for sanctions. We deny Appellee's motion to dismiss the appeal and request to consider the filing a supplement to the answering brief, as well as Appellant's request for sanctions.