NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

TODD TOWERS, *Plaintiff/Appellant*,

*v.*

TIMOTHY A. BENTZ, et al., *Defendants/Appellees*.

No. 1 CA-CV 22-0285
FILED 3-9-2023

Appeal from the Superior Court in Maricopa County
No. CV2020-004825
The Honorable James D. Smith, Judge (Retired)

**AFFIRMED**

COUNSEL

Todd Towers, Mesa
*Plaintiff/Appellant*

Jaburg & Wilk, P.C., Phoenix
By Thomas S. Moring, Corrinne R. Viola, Jeffrey A. Silence
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Daniel J. Kiley joined.

**C R U Z**, Judge:

¶1        Appellant Todd Towers challenges the superior court's ruling denying him leave to file a second amended complaint to assert libel per se, false light invasion of privacy, and vicarious liability claims against Jenifer Ingram, James Krowka, Timothy and Karen Bentz, and ToyVan Support Group LLC (collectively the "ToyVan Defendants"). For the reasons stated below, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        Because Towers appeals the denial of his motion for leave to amend his complaint, we state the relevant fact allegations from his proposed amended complaint and assume they are true for purposes of this appeal. *See Timmons v. Ross Dress for Less, Inc.*, 234 Ariz. 569, 572-73, ¶ 17 (App. 2014).

¶3        Towers sued the ToyVan Defendants in April 2020 for libel per se and false light invasion of privacy. Towers' claims centered on allegedly defamatory posts on the website toyotavantech.com. Towers alleged that Tim Bentz posted on April 16, 2015, accusing him of "bad faith dealing" and later edited his post to accuse him of "being involved in many other scams." Towers also alleged that Ingram posted on December 11, 2018, accusing him of engaging in the unauthorized practice of law in Arizona and claiming authorship of various articles he did not write.

¶4        Several months after the second post, Towers posted in the same toyotavantech.com thread using two pseudonymous accounts, but his posts were quickly removed. Towers further alleged that Ingram posted under the pseudonym "Claud" on another website, scambook.com, accusing him of "forgery and criminal impersonation." Towers also alleged that someone edited a hyperlink within the toyotavantech.com thread to link to the scambook.com post, then edited it a second time in December 2019 to link to a different site. He conceded, however, that the scambook.com post "was the only post hyperlinked . . . whose statute of limitations had *prima facie* not yet run."

¶5        Towers amended his complaint a month later, adding a Doe defendant who he alleged posted in the same toyotavantech.com thread accusing him of "using multiple fictitious names, defrauding his clients, scamming others or being a scam artist, and having a loathsome mental disease." Towers withdrew his allegation that Ingram authored the scambook.com post, alleging the Doe defendant wrote it instead. Towers

also amended his libel per se claim to assert it only against the Doe defendant.

¶6 The ToyVan Defendants moved to dismiss the amended complaint, contending in relevant part that Towers' claims were barred by the one-year limitations period of Arizona Revised Statutes ("A.R.S.") § 12-541(1). The superior court agreed and dismissed the complaint as against the ToyVan Defendants. After unsuccessfully seeking reconsideration, Towers moved for leave to conduct limited discovery to identify the Doe defendant. The court placed the case on the dismissal calendar through April 2, 2021, to allow Towers to "immediately begin and diligently prosecute any discovery efforts." The court then entered partial final judgment under Arizona Rule of Civil Procedure ("Rule") 54(b) dismissing the ToyVan Defendants.

¶7 Towers did not appeal that judgment. He instead moved to vacate it and reopen the case against Ingram, Krowka, and ToyVan, alleging Ingram was the Doe defendant. The superior court denied that motion. Towers also moved to expand the scope of discovery, which the court also denied. The superior court then dismissed the Doe defendant claim without prejudice because the time to conduct the Doe discovery had expired.

¶8 Towers again moved for reconsideration. He also requested leave to amend his complaint a second time to reassert his claims against the ToyVan Defendants. The court reinstated the case on the dismissal calendar and directed Towers to file a revised motion to amend and a proposed amended complaint.

¶9 Towers' revised motion was nearly identical to his previous motion to amend. But his proposed amended complaint deleted all allegations pertaining to the 2015 and 2018 toyotavantech.com posts and instead relied on the July 2019 scambook.com post, which he again alleged Ingram had written. He also alleged the "Claud" account that made the scambook.com post was created with an email account he established in 2019 but could no longer access, implying that Ingram or Bentz had accessed the email account. The proposed amended complaint also included several quotations from the scambook.com post:

- "Towers Legal Consulting Corp . . . is a nonexistent legal firm . . . . There is no such business registered with the state of New Jersey."

3

- "Towers Legal Consulting Corp is actually an alias of [Plaintiff] Todd Towers."

- "[Towers] represents himself as a lawyer."

- "As part of his scam legal cases, Todd Towers sends threats and faked legal documents."

- "[Towers] has used these accounts to impersonate other parties, including actual lawyers, and also to conduct harassment."

- "Todd Towers' typical modus operandi is to send people faked AZ court documents."

- "Todd Towers has fraudulently submitted signed return receipts to the court system."

- "[Towers] files so many frivolous lawsuits on trumped up grounds."

Towers also added a new count alleging the other ToyVan Defendants were vicariously liable for the scambook.com post.

¶10    The superior court denied leave to amend, finding Towers did not allege that any of the statements quoted above were false. The court also found the statements either were not defamatory per se or were "non-actionable opinions." The court also ruled that Towers' amended false light claim was futile because Towers "did not allege the statements [were] false or misleading" and the statements were not "major misrepresentation[s] of [his] character, history, activities or beliefs." Finally, the court determined Towers had not pleaded any cogent theory under which the other ToyVan Defendants could be held vicariously liable.

¶11    The superior court entered a final Rule 54(c) judgment "on all claims alleged in Plaintiff's Amended Claim . . . filed May 19, 2020, and that Plaintiff sought to allege via a proposed amended pleading filed August 9, 2021." Towers appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

I.      Towers' Motion for Leave to Amend

**¶12**         Leave to amend, when sought before trial, should be freely given when justice requires.  Rule 15(a)(2).  A court may deny leave to amend if it finds undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, or undue prejudice to the opposing party. *Carranza v. Madrigal*, 237 Ariz. 512, 515, ¶ 13 (2015) (citation omitted).  Leave to amend also may be denied if the proposed amendments would be futile.  *Deutsche Bank Nat'l Tr. Co. v. Pheasant Grove LLC*, 245 Ariz. 325, 331, ¶ 19 (App. 2018).

**¶13**         We review the denial of a motion to amend the complaint for an abuse of discretion.[1]  *Carranza*, 237 Ariz. at 515, ¶ 13; *Stair v. Maricopa County*, 245 Ariz. 357, 366, ¶ 37 (App. 2018); *Timmons*, 234 Ariz. at 573, ¶ 17.  We assume the facts alleged in the proposed amended complaint are true for purposes of our review.  *Alosi v. Hewitt*, 229 Ariz. 449, 452, ¶ 13 (App. 2012).  We may affirm, however, if the result is correct for any reason. *Tumacacori Mission Land Dev., Ltd. v. Union Pac. R.R. Co.*, 231 Ariz. 517, 519, ¶ 4 (App. 2013).

        A.      Libel Per Se

**¶14**         Towers first challenges the court's conclusion that he did not allege the statements in the scambook.com post were false.  In his proposed amended complaint, Towers alleged the statements were "libelous on their face" and "egregious, reckless, malicious and intended to cause Plaintiff harm and to damage his businesses and professional reputation."  He also alleged that Ingram did not "research" her claims with "reasonable diligence and care" and "forward[ed] a false impression about the Plaintiff."  It can be reasonably inferred from these allegations that Towers contends the statements are false.  *See Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008) ("Courts must . . . assume the truth of the well-pled factual allegations and indulge all reasonable inferences therefrom.").

**¶15**         But falsity alone does not establish libel per se.  Libelous per se statements are those that (1) charge a contagious or venereal disease; (2)

---

[1]      A recent decision of this court, *Worldwide Jet Charter, Inc. v. Toulatos*, 1 CA-CV 21-0717, 1 CA-CV 22-0173, 2022 WL 17684985, at *4, ¶ 22 (Ariz. App. Dec. 15, 2022), suggests that a denial of leave to amend is reviewed under a de novo standard of review.  We need not decide the issue in this case, because here we would affirm under either standard of review.

charge that a woman is not chaste; (3) tend to injure a person in his profession, trade, or business; or (4) impute the commission of a crime involving moral turpitude. *Modla v. Parker*, 17 Ariz. App. 54, 56 n.1 (1972); *see also* Restatement (Second) of Torts §§ 571-574.

¶16 Towers concedes on appeal the statements alleging he files "scam legal cases" and "frivolous lawsuits on trumped up grounds" are not actionable. He instead focuses on the statement that he creates "fake legal documents," contending that it is libelous per se because it "attacks his fitness and character in his trade and[/]or profession." To fall within this category of libelous statements, the statement "must prejudice the person in the profession, trade or business in which he is actually engaged," as "[w]ords which are merely injurious to one regardless of his occupation do not qualify . . . ." *Modla*, 17 Ariz. App. at 56-57.

¶17 It is not clear from the proposed amended complaint what Towers' trade or profession is. He contends on appeal he is a "legal professional" and that his "business relies entirely on his careful diligent handling of legal records," but he alleged in each of his complaints, including the proposed amended complaint, that he "is a degreed medical doctor" who had *previously* been "employed as a legal professional in a reputable national law firm with offices in Phoenix." He also alleged he sought employment with "prospective employers" including "residency program coordinators," suggesting he was pursuing a medical career at that time. He also represented to the superior court ten days after filing the proposed amended complaint that he was "unemployed and performing missionary work abroad with the Red Cross."

¶18 Moreover, Towers did not dispute that he was not licensed to practice law when the scambook.com post first appeared. While he now contends he obtained a California provisional law license, he did not do so until more than a year after he filed the proposed amended complaint. Indeed, as discussed below, he requests leniency in this appeal because he is not an attorney. And while he correctly states that some non-attorney legal professionals are subject to character and fitness standards, he did not allege he was a member of any such profession. Towers therefore did not sufficiently allege that the "fake legal documents" statement prejudiced him in any profession or business in which he was actually engaged. *See Modla*, 17 Ariz. App. at 56-57.

¶19 Towers also contends the statement that Towers Legal Consulting was a "non-existent legal firm" is defamatory per se. Towers Legal Consulting is not a party to this case, as the superior court denied

Towers' attempt to add it as a plaintiff. In any event, the proposed amended complaint says very little about what the company does.

¶20 Towers also contends the statement that "there are no such corporations registered in New Jersey" is defamatory per se, but he concedes the statement is true. *See Sign Here Petitions LLC v. Chavez*, 243 Ariz. 99, 107, ¶ 30 (App. 2017) ("In an action for defamation, 'the truth of the contents of . . . [a] statement is a complete defense.'") (quoting *Read v. Phoenix Newspapers, Inc.*, 169 Ariz. 353, 355 (1991)). Indeed, the only indication in the record that Towers Legal Consulting is registered anywhere is a document Towers filed with his motion to add the company as a plaintiff. That document suggests the company is registered in Israel, not New Jersey. For these reasons, we conclude the superior court did not err in denying Towers leave to assert his amended libel per se claim. *See Takieh v. O'Meara*, 252 Ariz. 51, 57, ¶ 13 (App. 2021) ("[B]ecause the expense of defending a meritless defamation case can have a chilling effect on First Amendment rights, the superior court must act as gatekeeper protecting the right to free speech from encroachment.") (internal quotation marks and citations omitted).

B.     False Light

¶21 To establish a claim for false light invasion of privacy, Towers must show (1) the defendant, with knowledge of falsity or reckless disregard for the truth, gave publicity to information placing Towers in a false light; and (2) the false light in which Towers was placed would be highly offensive to a reasonable person in his position. *Desert Palm Surgical Grp., P.L.C. v. Petta*, 236 Ariz. 568, 580, ¶ 29 (App. 2015). The publication must be "to the public at large, or to so many persons that the matter must be regarded substantially certain to become one of public knowledge." *Christakis v. Deitsch*, 250 Ariz. 246, 249, ¶ 8 (App. 2020) (citation and internal quotation marks omitted). It also "must contain a major misrepresentation of [the plaintiff's] character, history, activities or beliefs, not just slight inaccuracies." *Canas v. Bay Ent., LLC*, 252 Ariz. 117, 122, ¶ 23 (App. 2021) (citation and internal quotation marks omitted); *see also* Restatement (Second) of Torts § 652E, cmt. c. The tort also requires proof of outrageous conduct, in short, conduct that exceeds any reasonable limit of social toleration. *Rowland v. Union Hills Country Club*, 157 Ariz. 301, 304 (App. 1988).

¶22 Towers argues the scambook.com post was outrageous because, he maintains, it alleged he had "resort[ed] to a life of crime." This is not so; none of the statements to which he objects accuse him of

committing any crimes. He also alleged in the proposed amended complaint that the scambook.com post was intended "to maximally harm [his] ability to earn a living as a trained professional and to hurt his reputation." The tort of false light does not protect reputation or good name. *Reynolds v. Reynolds*, 231 Ariz. 313, 318, ¶ 14 (App. 2013). It instead protects "a person's interest in being let alone." *Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 341 (1989).

¶23 The scambook.com post does not implicate that interest. It instead alleged that he "sends threats and faked legal documents" to others, "impersonate[s] . . . actual lawyers" in interacting with others, and "fraudulently submitted signed return receipts to the court system," with Towers Legal Consulting allegedly serving as his "alias." These actions, to the extent they occurred, were not private. As such, statements that Towers did these things could not, as a matter of law, support a false light claim. *See Godbehere*, 162 Ariz. at 343 ("[P]rotection for privacy interests generally applies only to private matters."); *cf.* Restatement (Second) of Torts § 652D, cmt. b ("There is no liability when the defendant merely gives further publicity to information about the plaintiff that is already public."). The court therefore did not err in denying leave to amend to reassert the false light claim against the ToyVan Defendants.

### C. Vicarious Liability

¶24 Towers also contends the other ToyVan Defendants can be held vicariously liable for the statements made in the scambook.com post. The superior court found, and we agree, that Towers "did not allege any facts about Ingram's employment with Toyvan Support Group or how posting on an unrelated webpage was in the course and scope of the putative employment." *See Engler v. Gulf Interstate Eng'g, Inc.*, 230 Ariz. 55, 57, ¶ 9 (2012) (stating the general rule that an employer can be held vicariously liable for an employee's torts if the employee is acting "within the scope of employment when the accident occurs") (citation and internal quotation marks omitted). He instead baldly alleged that the ToyVan Defendants are "one and the same" and therefore "joint[ly] and severally liable." We need not accept this conclusory allegation as true. *See Matter of ABB Tr.*, 251 Ariz. 313, 317, ¶ 19 (App. 2021). The court did not err in denying leave to amend to add a vicarious liability claim against the other ToyVan Defendants.

### D. Reinstatement of 2015 and 2018 Toyotavantech.com Claims

**¶25** Towers also cites *Larue v. Brown*, 235 Ariz. 440 (App. 2014), to contend the scambook.com post "was part of . . . an egregious and lewd smear campaign that had begun in 2017 and then was added to again in December 2018 on the [toyotavantech.com] website . . . and eventually spilled over onto scambook.com and possibly others not yet discovered." Towers appears to contend *Larue* allows him to reinstate his claims based on the 2015 and 2018 toyotavantech.com posts.

**¶26** In *Larue*, we applied the "single publication rule," which states that a defamation action typically accrues the first time a statement is published and that later circulations of the same statement do not restart the limitations period. *Id.* at 444, ¶ 19. That rule has no application here. In any event, Towers' toyotavantech.com claims are not before us because (1) he did not appeal from the January 2021 judgment dismissing them, and (2) he removed those allegations from his proposed amended complaint.

**¶27** Citing Tenth Circuit caselaw, Towers contends the superior court should have been more lenient in reviewing his proposed amended complaint because he is not an attorney. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But Arizona law does not afford special leniency to pro se litigants. *Flynn v. Campbell*, 243 Ariz. 76, 83-84, ¶ 24 (2017); *see also In re Marriage of Williams*, 219 Ariz. 546, 549, ¶ 13 (App. 2008) ("Parties who choose to represent themselves . . . are held to the same standards as attorneys with respect to 'familiarity with required procedures and . . . notice of statutes and local rules.'") (citation and internal quotation marks omitted).

## II. Towers' Motion to Expand Discovery

**¶28** Finally, Towers challenges the denial of his May 2021 motion to expand the scope of discovery seeking to identify the Doe defendant. We review the superior court's discovery rulings for an abuse of discretion. *Tritschler v. Allstate Ins. Co.*, 213 Ariz. 505, 518, ¶ 41 (App. 2006).

**¶29** Towers contends the court should have given him additional time to serve a subpoena duces tecum on Google that, according to him, would have led to additional information about the email account used to create the "Claud" profile on scambook.com. His motion asked for far more, including "a more thorough discovery request [to a different company] who hosts the [toyotavantech.com] server," "permission for Plaintiff to allow inspection of [that company's] server by a licensed computer forensic specialist," and "depositions of . . . Jenifer Ingram and

Tim Bentz." In any event, Towers does not say why he would need additional discovery "likely to lead to substantive evidence identifying [the Doe defendant]" after he removed the Doe defendant from his proposed amended complaint. On this record, we see no abuse of discretion.

III.     Attorneys' Fees on Appeal

**¶30**        The ToyVan Defendants request their attorneys' fees incurred in this appeal under A.R.S. §§ 12-1809(P) and 12-349. Section 12-1809(P) applies to injunctions against harassment; the ToyVan Defendants do not show any such injunction was entered in this case. Section 12-349(A) authorizes sanctions if a party (1) brings or defends a claim without substantial justification or solely or primarily for delay or harassment; (2) unreasonably expands or delays the proceeding; or (3) engages in abuse of discovery. The ToyVan Defendants do not show that any of the above apply to this appeal. We therefore decline to award § 12-349 sanctions.

## CONCLUSION

**¶31**        We affirm. The ToyVan Defendants may recover their taxable costs incurred in this appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA